UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:16-cv-01001-CAS(AFMx) | Date | March 9, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT, INC. v. HELWAN CEMENT S.A.E., et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**       (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS
(Dkt. 8, Filed February 19, 2016)

The Court finds this motion appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15.  Accordingly, the hearing date of March 21, 2016, is vacated, and the matter is hereby taken under submission.

I.      INTRODUCTION

Plaintiff Tahaya Misr Investment, Inc., filed the instant action on December 29, 2015 in Los Angeles County Superior Court against defendants Helwan Cement S.A.E. ("Helwan"), Suez Cement Company ("SCC"), and Italcementi Group ("Italcementi") (collectively, "Defendants").  Dkt. 1, Ex.A, "Compl."  On February 12, 2016, defendants removed this action to this Court on the basis of diversity jurisdiction.  Dkt. 1.  The complaint asserts claims against defendants for breach of contract and breach of the implied covenant of good faith and fair dealing.  Id.  In brief, plaintiff alleges that it had an agreement with defendants to serve as defendants' exclusive sales agent for cement sales outside of Egypt, and that it is owed unpaid sales commissions, and interest thereon, pursuant to the parties' agreement.

On February 19, 2016, defendants Helwan and SCC filed the instant motion to dismiss the complaint as to defendant SCC pursuant to Federal Rule of Civil Procedure 12(b)(2).  Dkt. 8, Mot.[1]  Plaintiff filed an opposition on February 29, 2016, Dkt. 9, and

---

[1] Helwan and SCC initially moved to dismiss plaintiff's complaint on the additional grounds that plaintiff had failed to properly serve defendants Helwan and SCC, both of which are Egyptian corporations.  Federal Rule of Civil Procedure 4(f) provides that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:16-cv-01001-CAS(AFMx) | Date | March 9, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT, INC. v. HELWAN CEMENT S.A.E., et al. | | |

defendants filed a reply on March 7, 2016, Dkt. 13.  Having considered the parties'
arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

In its complaint, plaintiff alleges the following facts: Around March 6, 2002,
plaintiff entered into an "Exclusive Agency Agreement" (the "Agreement") with
defendant Helwan.  Compl. ¶ 9.  The Agreement provided, in relevant part: (1) that
plaintiff would serve as Helwan's sales agent for cement sales outside of Egypt; (2) that
Helwan would pay plaintiff a commission of $2.00 (USD) for every ton of cement sold
outside of Egypt, regardless of whether plaintiff was involved in the particular
transaction; and (3) that Helwan's would pay plaintiff's commissions within ten days of
Helwan's receipt of payment from its customer, and that any delay in a commission
payment would be subject to a charge of 1% compound interest per week.  Id.  The
Agreement was for a five-year term, which would automatically renew unless either party
provided notice of an intent to terminate the agreement three months prior to the end of
the term.  Id.  Plaintiff alleges that neither party to the Agreement provided notice of an

---

service on an entity in a foreign country is proper when made "by any internationally
agreed means of service . . . such as those authorized by the Hague Convention on the
Service Abroad of Judicial and Extrajudicial Documents."  F.R.C.P. 4(f)(1).  Other
methods of service are allowed *only* where "there is no internationally agreed means of
service."  F.R.C.P. 4(f)(2).  Egypt and the United States are signatories to the Hague
Convention. Hague Convention Nov. 15, 1965, T.I.A.S. No. 6638 (Feb. 10, 1969); see
also Shenouda v. Mehanna, 203 F.R.D. 166, 170 (D.N.J. 2001) ("Both the United States
and Egypt are signatories to the [Hague] Convention.").  Therefore, service on Egyptian
defendants must be made according to the provisions of the Hague Convention and not
by any other method provided for by either United States or Egyptian law.  Defendants,
in their motion, alleged that plaintiff had failed to properly serve them because it had not
followed the requirements of the Hague Convention in effecting service.  However, in
their reply, defendants now concede that plaintiff later fulfilled effective service of
process according to the requirements of the Hague Convention.  Accordingly, the Court
considers moot defendants' motion to dismiss on grounds of ineffective service of
process.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:16-cv-01001-CAS(AFMx) | Date | March 9, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT, INC. v. HELWAN CEMENT S.A.E., et al. | | |

intent to terminate the Agreement prior to the end of the first five-year term, in 2007, or prior to the end of the second five-year term, in 2012.  Id. ¶ 10.

Plaintiff now alleges that Helwan has breached the Agreement by failing to pay plaintiff's commissions on over eight million tons of cement sold by Helwan outside of Egypt.  Id. ¶ 12.  Plaintiff contends that the value of these commission is over seventeen million dollars and that, when the Agreement's interest provision are accounted for, plaintiff's contractual damages exceed three billion dollars.  Id. ¶¶ 12-14.

In addition to Helwan, plaintiff names as defendants in this action SCC, which plaintiff alleges "owns more than 99% of the outstanding shares" of Helwan, and Italcementi, which plaintiff alleges "owns approximately 54% of the outstanding shares" of SCC.  Id. ¶¶ 3-4.

## III.    LEGAL STANDARD

When a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court may properly exercise personal jurisdiction over the defendant.  Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006).  Where, as here, a court decides such a motion without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.  Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001).  Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.  AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181.  If the defendant submits evidence controverting the allegations, however, the plaintiff may not rely on its pleadings, but must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction."  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir.1986) (quoting Amba Mktg. Servs., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir.1977)).

Generally, personal jurisdiction exists if (1) it is permitted by the forum state's long-arm statute and (2) the "exercise of that jurisdiction does not violate federal due process."  Pebble Beach, 453 F.3d at 1154-55 (citing Fireman's Fund Ins. Co. v. Nat'l

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        **'O'**

| Case No. | 2:16-cv-01001-CAS(AFMx) | Date | March 9, 2016 |
|----------|-------------------------|------|---------------|
| Title | TAHAYA MISR INVESTMENT, INC. v. HELWAN CEMENT S.A.E., et al. | | |

Bank of Coops., 103 F.3d 888, 893 (9th Cir. 1996).  California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state and federal law are the same.  Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991).  The Fourteenth Amendment's Due Process Clause requires that a defendant have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific.

A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).  The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts be substantial enough to approximate physical presence.  Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).  "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there."  Id. (finding no general jurisdiction when the corporation was not registered or licensed to do business in California, paid no taxes, maintained no bank accounts, and targeted no advertising toward California).

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities.  Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993).  The test for specific personal jurisdiction has three parts:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-01001-CAS(AFMx) | Date | March 9, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT, INC. v. HELWAN CEMENT S.A.E., et al. | | |

(3) the exercise of jurisdiction must comport with fair play and
substantial justice, i.e. it must be reasonable.

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004) (citing
Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)); see also Burger King Corp. v.
Rudzewicz, 471 U.S. 462, 475-76 (1985).  The plaintiff bears the burden of satisfying the
first two prongs, and must do so to establish specific jurisdiction.  Schwarzenegger, 374
F.3d at 802.

If the plaintiff establishes the first two prongs, then it is the defendant's burden to
"present a compelling case" that the third prong, reasonableness, has not been satisfied.
Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477).  The third
prong requires the Court to balance seven factors: (1) the "extent of the defendant's
purposeful injection into the forum"; (2) the burdens on defendant from litigating in the
forum state; (3) the "extent of conflict with the sovereignty of the defendant's state," (4)
the forum state's "interest in adjudicating the dispute"; (5) the "most efficient judicial
resolution of the controversy"; (6) the "importance of the forum to the plaintiff's interest
in convenient and effective relief"; and (7) the existence of an alternative forum.  Ziegler
v. Indian River County, 64 F.3d 470, 475 (9th Cir. 1995).

**IV.     ANALYSIS**

Defendants move to dismiss the complaint as to defendant SCC for lack of
personal jurisdiction.  "Where a defendant moves to dismiss a complaint for lack of
personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is
appropriate."  Shwarzenegger, 374 F.3d at 800.  For the following reasons, the Court
finds that plaintiff has failed to make even a *prima facie* showing that personal
jurisdiction is appropriate over defendant SCC in this Court.

**A.      General Jurisdiction**

A court has general jurisdiction over a nonresident defendant when that
defendant's activities within the forum state are "substantial" or "continuous and
systematic," even if the cause of action is "unrelated to the defendant's forum activities."
Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952).  Where the
defendant is a corporation, such as SCC, general jurisdiction is only appropriate where

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01001-CAS(AFMx) | Date | March 9, 2016 |
| Title | TAHAYA MISR INVESTMENT, INC. v. HELWAN CEMENT S.A.E., et al. | | |

"that corporation's affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." Daimler AG v. Bauman, 134 S. Ct. 746, 761 (2014). The "paradigm" forum for general jurisdiction over a corporation is the forum where the corporation is incorporated or where its principal place of business is located. Goodyears Dunlop Tires Operations, S.A. v. Brown, 131 S.Ct. 2846, 2854-55 (2011).

Here, defendant concedes that SCC is "an Egyptian corporation, with its principal place of business in Cairo, Egypt." Compl. ¶ 3. Furthermore, SCC represents that it has no agent, no offices, no employees, no property, nor any bank accounts within California. Carre Decl. ¶ 4. Accordingly, the Court finds that general jurisdiction is not appropriate in this Court over SCC.

**B.     Specific Jurisdiction**

"Under specific jurisdiction, a court may assert jurisdiction for a cause of action that arises out of the defendant's forum-related activities." Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). Here, plaintiff's claims all arise out of Helwan's purported breach of the Agreement. However, SCC is not a party to the Agreement, nor did it have any involvement with the negotiation or execution of the Agreement. See Carre Decl. ¶ 6. In fact, SCC represents that it did not even hold an ownership interest in Helwan until more than 3 years *after* the Agreement was executed. Id.

Nonetheless, it appears that plaintiff is attempting to subject SCC to personal jurisdiction in this Court by virtue of its relationship with its subsidiary—Helwan. A parent company may, in certain circumstances, become subject to personal jurisdiction on the basis of the conduct of one of its subsidiaries. However, the mere existence of a relationship between a parent company and its subsidiaries "is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum." Unocal Corp., 248 F.3d at 925. Rather, a plaintiff may impute a subsidiary's minimum contacts with a forum onto the parent company under an "alter ego theory" by showing that they are "not really separate entities." Ranza v. Nike, Inc., 793

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-01001-CAS(AFMx) | Date | March 9, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT, INC. v. HELWAN CEMENT S.A.E., et al. | | |

F.3d 1059, 1071 (9th Cir. 2015) (quoting <u>Unocal</u>, 248 F.2d at 926).[2]  To satisfy the alter ego theory, "a plaintiff must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice."  <u>Ranza</u>, 793 F.3d at 1073.

A plaintiff may establish the first prong of this test with "a showing that the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former."  <u>Id.</u>  But, "[t]otal ownership and shared management personnel are alone insufficient to establish the requisite level of control."  <u>Id.</u> (citing <u>Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.</u>, 328 F.3d 1122, 1135 (9th Cir. 2003)).  Indeed, the plaintiff's burden on this point is high; even a showing that the parent is "involved directly in decision-making" with the subsidiary is insufficient.  <u>Unocal</u>, 248 F.3d at 927-23 (finding no unity of interest where a parent company was involved in forming the subsidiary's business plan, provided loans to the subsidiary, and shared some managers and officers with the subsidiary); <u>see also</u> <u>Harris Rutsky</u>, 328 F.3d at 1135 ("Such activity might well be properly characterized as . . . control over day-to-day activities. Standing by itself, however, it is not enough to meet the alter ego or agency tests.").

Here, plaintiff has provided the Court with nothing more than its assertion that "[t]here is such unity of interest and ownership between [Helwan] and [SCC] that their separate personalities no longer exist, and that an inequitable result would follow if [SCC] were not held liable for [Helwan's] obligations to Plaintiff."  Compl. ¶ 5.  Such conclusory statements are insufficient; a plaintiff must plead *facts* to meet its prima facie burden.  <u>See also</u> <u>Kingsburg Apple Packers, Inc. v. Ballantine Produce</u>, 2010 WL 2817056, at *5 (E.D. Cal. 2010) ("[Plaintiff-intervenor's] allegations are insufficient to plead an alter ego relationship because they are conclusory and merely recite the factors that a court considers in evaluating alter ego claims.") (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009)).  For its part, SCC alleges

---

[2] For purposes of the instant motion, the Court assumes *arguendo* that personal jurisdiction is appropriate over Helwan and that Helwan possesses sufficient minimum contacts with California to justify the exercise of personal jurisdiction.  Defendants' motion does not challenge jurisdiction as to Helwan, and the Court is not now deciding this issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:16-cv-01001-CAS(AFMx) | Date | March 9, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT, INC. v. HELWAN CEMENT S.A.E., et al. | | |

that it and Helwan are independently capitalized, keep separate records, enter into separate contracts, and have separate boards of directors.  Mot. at 11.

In its opposition to defendants' motion to dismiss, plaintiff does not substantively address the merits of defendants' personal jurisdiction arguments.  Instead, plaintiff argues that this Court has no jurisdiction to consider the question of personal jurisdiction "until service is effected."  Opp'n at 2.  For this proposition, plaintiff cites Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served in accordance with Rule 4[c] of the Federal Rules of Civil Procedure, or there is no personal jurisdiction.").  This authority does not support plaintiff's position; rather, Jackson merely states a prerequisite for personal jurisdiction to exist, and does not hold that a court has no ability to determine the existence of personal jurisdiction until service is effected.  And, in any event, the argument is moot, as the defendants have now conceded that plaintiff has made proper service.

Accordingly, the Court finds that plaintiff has failed to establish that either specific or general jurisdiction exists in this Court over defendant SCC.  The Court, therefore, GRANTS WITHOUT PREJUDICE defendant's motion to dismiss the complaint as to defendant SCC.

## V.      CONCLUSION

In accordance with the foregoing, the Court **GRANTS WITHOUT PREJUDICE** defendants' motion to dismiss plaintiff's complaint as to defendant SCC pursuant to Federal Rule of Civil Procedure 12(b)(2).  Plaintiff shall have **thirty (30) days** to file an amended complaint addressing the deficiencies identified herein.  Failure to do so may result in dismissal of defendant SCC from this action with prejudice.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |