UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:16-cv-01001-CAS(AFMx) | Date | June 27, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT, INC. v. HELWAN CEMENT S.A.E., et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANT HELWAN CEMENT COMPANY S.A.E.'S MOTION FOR ANTI-SUIT INJUNCTION (Dkt. 39, filed May 26, 2016)

## I.  INTRODUCTION

Plaintiff Tahaya Misr Investment, Inc. ("Tahaya"), filed the instant action on December 29, 2015 in Los Angeles County Superior Court against defendants Helwan Cement S.A.E. ("Helwan"), Suez Cement Company ("SCC"), and Italcementi Group ("Italcementi") (collectively, "defendants"). Dkt. 1.[1] On February 12, 2016, defendants removed this action to this Court on the basis of diversity jurisdiction. Id. The complaint asserts claims against defendants for breach of contract and breach of the implied covenant of good faith and fair dealing. Id. In brief, plaintiff alleges that it agreed to serve as defendants' exclusive sales agent for cement sales outside of Egypt and that it is owed unpaid sales commissions, and interest thereon, pursuant to the parties' agreement.

On May 26, 2016, defendant Helwan filed a motion for an anti-suit injunction against plaintiff. Dkt. 39. On June 6, 2016, plaintiff filed an opposition, Dkt. 43, and on June 13, 2016, Helwan filed a reply, Dkt. 47. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

---

[1] On May 23, 2016, the Court issued an order dismissing defendants SCC and Italcementi from this action for lack of personal jurisdiction. Dkt. 38

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:16-cv-01001-CAS(AFMx) | Date | June 27, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT, INC. v. HELWAN CEMENT S.A.E., et al. | | |

## II. BACKGROUND

In plaintiff's first amended complaint, it alleges that, on or about March 6, 2002, plaintiff entered into an "Exclusive Agency Agreement" (the "Agreement") with defendant Helwan. FAC ¶ 17. The Agreement provided, in relevant part: (1) that plaintiff would serve as Helwan's sales agent for cement sales outside of Egypt; (2) that Helwan would pay plaintiff a commission of $2.00 (USD) for every ton of cement sold outside of Egypt, regardless of whether plaintiff was involved in the particular transaction; and (3) that Helwan would pay plaintiff's commissions within ten days of Helwan's receipt of payment from its customer, and that any delay in a commission payment would be subject to a charge of 1% compound interest per week. Id. Plaintiff alleges that Helwan breached the Agreement by failing and refusing to pay plaintiff commissions from cement sold to non-Egyptian buyers. Id. ¶ 20.

Significantly, the Agreement contains a forum selection clause, which provides:

> It is agreed that the laws of the state of California and the United States of America govern this agreement. The Globe Corporation and Helwan Portland Cement Co. (of ASEC Group) agree that any legal dispute arising out of the agreement or relating to the scope of this agreement may be brought only in the Courts of the State of California or Federal US courts in California.

FAC, Ex. A.[2]

Notwithstanding the Agreement's forum selection clause, on or about April 28, 2011, plaintiff filed an action in Egyptian court against Helwan ("the Egyptian Action"). Dkt. 42, Request for Judicial Notice, Ex. A, Egyptian Complaint.[3] In plaintiff's

---

[2] Plaintiff was previously known as The Globe Corporation before changing its name to Tahaya. FAC ¶ 1.

[3] Helwan requests that the Court take judicial notice of various pleadings and court orders filed in the Egyptian Action. "Courts may only take judicial notice of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:16-cv-01001-CAS(AFMx) | Date | June 27, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT, INC. v. HELWAN CEMENT S.A.E., et al. | | |

complaint in the Egyptian Action, it alleges that on March 6, 2002, it entered into an exclusive export agency agreement with Helwan, whereby Helwan agreed to pay plaintiff a commission of $2.00 (USD) for each ton of cement exported from Egypt. Id. at 1-2. Plaintiff further alleges that Helwan breached this agreement by failing and refusing to pay plaintiff commissions and interest due under the agreement. Id. at 2. Accordingly, in the Egyptian Action, plaintiff seeks "calculation and return of its dues as per all exports made under the exclusive export agency agreement." Id.

In the instant motion, Helwan contends that it was a violation of the Agreement's forum selection clause for plaintiff to initiate the Egyptian Action. Accordingly, Helwan requests that the Court issue an anti-suit injunction ordering plaintiff to take all steps necessary to dismiss the Egyptian Action.

---

adjudicative facts that are 'not subject to reasonable dispute.' " United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (quoting Fed. R. Evid. 201(b)). Courts have found that, where properly authenticated, foreign court documents are properly the subject of judicial notice. See, e.g., In re Ex Parte Application of Jommi, 2013 WL 6058201, at *1 n.1 (N.D. Cal. Nov. 15, 2013) (taking judicial notice of "foreign court documents" from Switzerland); Mike's Train House, Inc. v. Lionel, LLC, 472 F.3d 398, 412 (6th Cir. 2006) (taking judicial notice of forty-five exhibits that included English translations of documents generated during Korean judicial proceedings). Here, each of the Egyptian pleadings submitted with Helwan's request for judicial notice is accompanied by a certified translation and an attestation from Helwan's Egyptian attorney, Yousseff Al Saman, that the documents are true and correct copies of the documents on file with the relevant Egyptian courts. Accordingly, the Court takes judicial notice of these documents but does not accept them for the truth of the matters asserted therein. See also Luxpro Corp. v. Apple Inc., 2011 WL 1086027, at *3 (N.D. Cal. Mar. 24, 2011) (taking judicial notice of Taiwanese and German court orders where "the foreign court orders were submitted by translators who certified under penalty of perjury that they translated true and correct copies of the orders and that they have provided true and correct copies of their translations.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:16-cv-01001-CAS(AFMx) | Date | June 27, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT, INC. v. HELWAN CEMENT S.A.E., et al. | | |

### III. LEGAL STANDARD

"A federal district court with jurisdiction over the parties has the power to enjoin them from proceeding with an action in the courts of a foreign country." Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League, 652 F.2d 852, 855 (9th Cir. 1981). "Courts derive the ability to enter an anti-suit injunction from their equitable powers. Such injunctions allow the court to restrain a party subject to its jurisdiction from proceeding in a foreign court in circumstances that are unjust." E. & J. Gallo Winery v. Andina Licores S.A., 446 F.3d 984, 989 (9th Cir. 2006).

To obtain preliminary injunctive relief, a party ordinarily must demonstrate that it is likely to succeed on the merits, that it is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, and that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). However, where a party seeks an injunction to prevent a party from litigating similar claims in a foreign court, the Ninth Circuit applies a different standard. "To obtain an anti-suit injunction, the applicant is not required to show a likelihood of success on the merits of the underlying claim. Rather, it need only demonstrate that the factors specific to an anti-suit injunction weigh in its favor." Zynga, Inc. v. Vostu USA, Inc., 816 F. Supp. 2d 824, 827 (N.D. Cal. 2011). Those factors are: "(1) whether or not the parties and the issues are the same, and whether or not the first action is dispositive of the action to be enjoined; (2) whether the foreign litigation would frustrate a policy of the forum issuing the injunction; and (3) whether the impact on comity would be tolerable." Applied Med. Distribution v. Surgical Co. BV, 587 F.3d 909, 913 (9th Cir. 2009) (citing Gallo, 446 F.3d at 991, 994). If a district court grants an anti-suit injunction, "[t]he injunction operates in personam: the American court enjoins the claimant, not the foreign court." Gallo, 446 F.3d at 989.

### IV. ANALYSIS

In the instant motion, Helwan contends that all three of the anti-suit injunction factors identified by the Ninth Circuit strongly support the issuance of an injunction in this case. Specifically, Helwan contends that (1) plaintiff's California and Egyptian Actions are substantially similar, if not identical; (2) plaintiff's Egyptian Action frustrates the strong policy in the United States in favor of enforcing forum selection clauses; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:16-cv-01001-CAS(AFMx) | Date | June 27, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT, INC. v. HELWAN CEMENT S.A.E., et al. | | |

(3) in the instant case, the impact of an anti-suit injunction on international comity is minimal. For the following reasons the Court agrees.

### A. Whether the Issues are the Same in Plaintiff's Egyptian and California Actions

The first factor under the Ninth Circuit's anti-suit injunction analysis is "whether or not the parties and the issues are the same, and whether or not the first action is dispositive of the action to be enjoined." Gallo, 446 F.3d at 991). The Ninth Circuit does not require that the issues in the two action be "precisely and verbally identical." Applied, 587 F.3d at 915. Rather, where "the domestic action is capable of disposing of all the issues in the foreign action and all the issues in the foreign action fall under the forum selection clause, the issues are meaningfully 'the same.' " Id.

Here, the Court finds that Helwan has readily demonstrated that the instant action is identical or, at a minimum, substantially similar, to the Egyptian Action. First, both actions involve the same parties—Tahaya and Helwan. Second, both actions involve the same agreement—an exclusive export agency agreement, entered into on March 6, 2002, and whereby Helwan agreed to pay Tahaya $2.00 (USD) for each ton of cement sold outside of Egypt. Third, both actions involve an alleged breach of this agreement. And fourth, plaintiff seeks substantially the same remedies in both actions—payment of all commissions and interest currently owed under the Agreement. Accordingly, the actions involve the same issues and parties and resolution of the instant action will also resolve plaintiffs claims in the Egyptian Action.

In addition, the Court notes that the Egyptian Action appears to fall squarely within the scope of the forum selection clause. The Agreement's forum selection clause is phrased broadly and provides "that *any* dispute *arising out of the agreement or relating to the scope of this agreement* may be brought *only* in the Courts of the Sate of California or Federal US courts in California." FAC Ex. A (emphasis added). Here, the Egyptian Action clearly involves a "dispute arising out of the agreement." Indeed, the Egyptian Action is predicated on an alleged breach of the Agreement. See also Applied, 587 F.3d at 916 ("We hold that the present action is dispositive of the Belgian action because all of the claims in the Belgian action arise out of the Agreement, are subject to the forum selection clause, and therefore must be disposed of in the California forum if at all.");

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:16-cv-01001-CAS(AFMx) | Date | June 27, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT, INC. v. HELWAN CEMENT S.A.E., et al. | | |

Interdigital Tech. Corp. v. Pegatron Corp., 2015 WL 3958257, at *7 (N.D. Cal. Jun. 29, 2015) ("[T]he Court determines that the Taiwan Action involves a dispute arising under the [parties' agreement] and, therefore, is subject to the dispute resolution and forum selection provisions vesting this Court with 'exclusive jurisdiction' over such disputes. Therefore, the present action is dispositive of the Taiwan Action . . .").

Accordingly, the Court finds that the issues and parties in both the instant action and the Egyptian Action are substantially similar, if not identical, and, therefore, this first factor weighs in favor of issuing an anti-suit injunction.[4]

### B.     Frustration of This Forum's Policy

The second anti-suit injunction factor is "whether the foreign litigation would frustrate a policy of the forum issuing the injunction." Applied, 587 F.3d at 913. The Ninth Circuit has adopted a strong policy in favor of enforcing forum selection clauses. See, e.g., Gallo, 446 F.3d at 992 ("We have . . . repeatedly stressed the importance of forum selection clauses and have held that they should be enforced absent strong reasons to set them aside."). Moreover, the Ninth Circuit has explained that "without the availability of anti-suit injunctions, the vitality of forum selection clauses would be

---

[4] In its opposition, plaintiff claims that the Egyptian Action is "primarily seeking an accounting of cement tonnage shipped by Helwan" and, therefore, the two actions are not identical. Opp'n., at 2. However, this argument is belied by plaintiff's complaint in the Egyptian Action, which states that plaintiff "desires for calculation *and return of its dues* as per all exports made under the exclusive export agency agreement dated 06/03/2002 . . ." Egyptian Complaint, at 2 (emphasis added). Moreover, even if plaintiff were merely seeking an accounting in the Egyptian Action, plaintiff has still failed to explain why such an action would not fall within the scope of the Agreement's forum selection clause, which includes "any dispute arising out the agreement." Id. And, finally, as noted above, the Ninth Circuit does not require that the action to be enjoined be "precisely and verbally identical." See also Gilbane Federal v. United Infrastructure Projects FZCO, 2014 WL 4950011, at *3 (N.D. Cal. Sep. 24, 2014) ("[T]he test is not whether the issues are identical, but whether they are functionally the same, meaning that one action would be dispositive of the other.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-01001-CAS(AFMx) | Date | June 27, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT, INC. v. HELWAN CEMENT S.A.E., et al. | | |

impermissibly and improvidently jeopardized." Applied, 587 F.3d at 919; see also Gallo, 446 F.3d at 993 ("We hold that Andina's pursuit of litigation in Ecuador, in violation of the forum selection clause, frustrates a policy of the United States courts and may well be vexatious and oppressive.").

Here, as already stated, plaintiff's Egyptian Action readily falls within the scope of the parties' forum selection clause. Accordingly, pursuant to the parties' agreement, plaintiff was only permitted to initiate that action in a court in California and plaintiff's continued prosecution of the Egyptian Action frustrates this forum's policy in favor of enforcing forum selection clauses. See also Applied, 587 F.3d at 919 ("Any continuation of the Belgian action denigrates the integrity of the parties' prior written commitment that disputes concerning the Agreement would be litigated in California.").

In its opposition, plaintiff argues that, in the many years in which the Egyptian Action has been pending, Helwan failed to object to the jurisdiction of the courts of Egypt and that Egyptian courts have repeatedly found that Helwan has waived any objections based on the forum selection clause. However, the only evidence plaintiff cites in its opposition is the declaration of Mohamed Abouelsaad, Dkt. 45, Tahaya's president and a non-lawyer.

By contrast, Helwan has produced documents indicating that, as early as 2012, it objected to the jurisdiction of the Egyptian courts and expressly raised the issue of the forum selection clause. Specifically, in a document titled "Statement of Defense" and purportedly submitted to the "Court of First Instance" in Egypt, Helwan stated "this Court lacks jurisdiction to hear the dispute, in presence of clause (K) in the contract which refers to the jurisdiction of U.S. Courts to hear any dispute which may arise from the contract." Dkt. 47-2, Supplemental Request for Judicial Notice, Ex. 2, at 2 (Statement of Defense). Helwan purportedly submitted this document to the Court of First Instance on October 3, 2012. Helwan also submits the declaration of Youseef Al Saman, Dkt. 47-1, its lawyer in the Egyptian Action, who states: "contrary to [plaintiff's] contentions, Helwan has properly, timely and repeatedly asserted its jurisdictional defense to the Egyptian Action based on the California forum-selection provision of the alleged Agreement." Al Saman Decl. ¶ 4. Al Saman further explains that, while Helwan objected to the Egyptian Court of First Instance's jurisdiction, "[t]he Court of First Instance ultimately held, however, that it lacked subject matter jurisdiction over the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01001-CAS(AFMx) | Date | June 27, 2016 |
| Title | TAHAYA MISR INVESTMENT, INC. v. HELWAN CEMENT S.A.E., et al. | | |

Egyptian Action due to the type of [] case involved (breach of commerical agency agreement) and referred the entire Egyptian Action to the Economic Court for any and all proceedings." Id. Accordingly, Al Saman declares that "to date . . . there has been no final determination of Helwan's jurisdiction defense to the Egyptian Action." Id. ¶ 5.

At the hearing on Helwan's motion, counsel for Tahaya represented that an Egyptian appellate court, the Court of Cassation, had recently issued a ruling that might have a material impact on the Court's ruling. Nonetheless, having just learned of this ruling, counsel was unable to provide the Court with any details regarding the substance of the ruling. The Court permitted Tahaya to submit supplemental briefing regarding the Court of Cassation's ruling and its implications for Helwan's motion. However, the Court expressly informed Tahaya's counsel that it wanted Tahaya to submit a certified translation of the ruling and that mere declarations from Tahaya's attorneys would be insufficient. See Tr. Of Hearing, at 21:22-23 ("I want to see whatever document you claim has been issued by the Egyptian courts, number one."); Id. 5:14-16 ("[A] declaration isn't going to do it. If there's a translated decision that you want to submit, then we're happy to look at that."). In its supplemental brief, Tahaya fails to submit any recent rulings by the Court of Cassation or any other Egyptian courts. Rather, Tahaya largely reiterates arguments raised in its original briefing. In its own supplemental brief, Helwan explains that the Court of Cassation has, in fact, engaged in relatively little recent activity. Rather, in the supplemental declaration of Helwan's attorney, Al Saman, he declares that the only recent activity has consisted of a procedural matter. Specifically, the Court of Cassation rejected a request from *Tahaya* to consolidate its request for an interim stay of a lower Egyptian court's order with Helwan's pending appeal before the Court of Cassation.[5]

---

[5] Contrary to the Court's instructions at the hearing, Tahaya also submits a number of additional Egyptian court documents. One of these documents, which appears to be a ruling from an Egyptian court, contains the following passage:

> With regard to defendant's plea to lack of court's local jurisdiction to dispute due to the jurisdiction of American law and Justice as per the contract-subject of case. Whereas it was established in the provision of Article No. 108 of the Procedures law that "A motion for lack of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01001-CAS(AFMx) | Date | June 27, 2016 |
| Title | TAHAYA MISR INVESTMENT, INC. v. HELWAN CEMENT S.A.E., et al. | | |

    Accordingly, the Court finds that plaintiff has failed to demonstrate that Helwan has waived its objection based on the forum selection clause.  See also City of Ukiah v. Fones, 64 Cal. 2d 104, 107 (1966) ("The burden . . . is on the party claiming waiver of a right to prove it by clear and convincing evidence that does not leave the matter to speculation, and 'doubtful cases will be decided against a waiver.' ") (citations omitted); Marcotte v. Micros Systems, 2014 WL 5280875 at *3 (N.D. Cal 2014) ("The law does not casually find waiver.").

---

> subject-matter jurisdiction and for transferring the case to another court because the same dispute or some other related case is before that court, shall be made before any request or defense is made in the case; otherwise, any right not so presented shall be forfeited.

Dkt. 53, El Juhany Decl., Ex. G.  Tahaya contends that this passage demonstrates that the Egyptian courts have determined that Helwan waived its objection based on the forum selection clause.  However, while this passage appears to reference a forfeiture or waiver, it is not clear that the Egyptian court actually found a waiver in this case.  For its part, Helwan's attorney, in his original declaration, stated that the court that issued the ruling quoted above, ultimately determined that it lacked jurisdiction based, not on the forum selection clause, but on the type of case involved and therefore transferred the case to another Egyptian court without ruling on the question of waiver.  At most, there appears to be an ambiguity regarding what the Egyptian courts have or have not found regarding a potential wavier of Helwan's forum selection clause objection.  In light of this ambiguity, the Court finds that Tahaya has failed to meet its burden to demonstrate a waiver.  See also Church v. Pub. Util. Comm'n of State, 51 Cal. 2d 399, 401 (1958) ("doubtful cases will be decided against a waiver").  Moreover, the Court is mindful that it was *Tahaya* who initiated this action in this Court.  To the extent an Egyptian court has previously found a waiver of the forum selection clause in the Agreement, it is curious—to say the least—that Tahaya would elect to initiate this action in a California court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01001-CAS(AFMx) | Date | June 27, 2016 |
| Title | TAHAYA MISR INVESTMENT, INC. v. HELWAN CEMENT S.A.E., et al. | | |

Accordingly, in light of the forum selection clause in the Agreement, the Court finds that permitting the Egyptian Action to proceed would frustrate the policies of this forum. This factor, therefore, also weighs in favor of issuing an anti-suit injunction.

### C.  Impact on Comity

Finally, the third anti-suit injunction factor is "whether the impact on comity would be tolerable." Gallo, 446 F.3d at 994. "Comity is 'the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws.' " Id. (citing Hilton v. Guyot, 159 U.S. 113, 164 (1895)). However, the Ninth Circuit has expressly stated:

> [W]here there is no public international issue raised, a foreign government is not involved in the litigation, and the litigation involves private parties concerning disputes arising out of a contract, not only would an anti-suit injunction not have an intolerable impact on comity, but allowing foreign suits to proceed in such circumstances would seriously *harm* international comity.

Applied, 587 F.3d at 921 (emphasis in original) (citing Gallo, 446 F.3d at 994).

Here, the Egyptian Action does not involve a foreign government or raise any public international issues; rather, it involves two private parties engaged in a contractual dispute. The Ninth Circuit's direction is clear: in such circumstances, an anti-suit injunction does not have an intolerable impact on comity and, in fact, failing to issue an anti-suit injunction would actually harm international comity. See also Gallo, 446 F.3d at 994 (holding that to allow a party to circumvent a forum selection clause by filing suit in a foreign forum would not only "vitiate United States policy favoring the enforcement of forum selection clauses, but it could also have serious deleterious effects for international comity").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01001-CAS(AFMx) | Date | June 27, 2016 |
| Title | TAHAYA MISR INVESTMENT, INC. v. HELWAN CEMENT S.A.E., et al. | | |

Accordingly, the Court finds that all three factors support issuance of an anti-suit injunction. The Court, therefore, GRANTS Helwan's motion for an anti-suit injunction.[6]

## IV.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Helwan's motion for an anti-suit injunction. It is hereby **ORDERED** that plaintiff shall:

1. Immediately take steps to dismiss the Egyptian Action.

2. Provide Helwan with written notice of each step taken to carry out this order, as well as notice of any action taken by the court in Egypt, within twenty-four hours of such steps or notice; and

3. Not directly or indirectly, initiate any other action or proceeding that arises from the Exclusive Export Agency Agreement.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[6] In its opposition, plaintiff also cites several authorities it contends support permitting this case and the Egyptian Action to proceed simultaneously. And, relying on the doctrine of abstention articulated in Colorado River Water Conservation District v. United States, 424 U.S. 800, 818 (1976), plaintiff argues that this Court should allow the Egyptian Action to proceed and stay the present action. However, these sources have no applicability here, where the parties Agreement contains an exclusive forum provision mandating that all disputes be resolved in the courts of California. Moreover, as already stated, permitting the Egyptian Action to proceed would frustrate the strong policy in the United States in favor of enforcing forum selection clauses. Plaintiff's suggestion to stay the present action and permit the Egyptian Action to proceed would only further frustrate this policy.