UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\*AMENDED CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT COMPANY S.A.E. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE RE CONTEMPT AND SANCTIONS (Filed August 11, 2016, Dkt. 63)

(IN CHAMBERS) PLAINTIFF'S MOTION TO STAY ANTI-SUIT INJUNCTION PENDING APPEAL (Filed August 16, 2016, Dkt. 65)

(IN CHAMBERS) PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS (Filed September 6, 2016, Dkt. 79)

(IN CHAMBERS) MAIER SHOCH LLP'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF (Filed September 6, 2016, Dkt. 82)

(IN CHAMBERS) DEFENDANT'S MOTION TO DISMISS (Filed September 19, 2016, Dkt. 87)

(IN CHAMBERS) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Filed September 28, 2016, Dkt. 95)

## I.  INTRODUCTION AND BACKGROUND

Plaintiff Tahaya Misr Investment, Inc. ("Tahaya"), filed the instant action on December 29, 2015 in Los Angeles County Superior Court against defendants Helwan Cement S.A.E. ("Helwan"), Suez Cement Company ("SCC"), and Italcementi Group

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

***AMENDED CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT COMPANY S.A.E. ET AL. | | |

("Italcementi"). Dkt. 1.1. On February 12, 2016, defendants removed this action to this Court on the basis of diversity jurisdiction. Id. On May 23, 2016, the Court issued an order dismissing defendants SCC and Italcementi from this action for lack of personal jurisdiction. Dkt. 38.

The operative complaint asserts claims against the remaining defendant, Helwan, for breach of contract and breach of the implied covenant of good faith and fair dealing. Dkt. 22. Plaintiff alleges that, on or about March 6, 2002, plaintiff entered into an "Exclusive Agency Agreement" (the "Agreement") with defendant Helwan. FAC ¶ 17. The alleged Agreement provided, in relevant part: (1) that plaintiff would serve as Helwan's sales agent for cement sales outside of Egypt; (2) that Helwan would pay plaintiff a commission of $2.00 (USD) for every ton of cement sold outside of Egypt, regardless of whether plaintiff was involved in the particular transaction; and (3) that Helwan would pay plaintiff's commissions within ten days of Helwan's receipt of payment from its customer, and that any delay in a commission payment would be subject to a charge of 1% compound interest per week. Id. Plaintiff alleges that Helwan breached the Agreement by failing and refusing to pay plaintiff commissions from cement sold to non-Egyptian buyers. Id. ¶ 20. Significantly, the alleged Agreement contains a forum selection clause, which provides:

> It is agreed that the laws of the state of California and the United States of America govern this agreement. The Globe Corporation and Helwan Portland Cement Co. (of ASEC Group) agree that any legal dispute arising out of the agreement or relating to the scope of this agreement may be brought only in the Courts of the State of California or Federal US courts in California.

FAC, Ex. A.2. Both parties have substantial ties to Egypt. Notwithstanding the alleged Agreement's forum selection clause, on or about April 28, 2011, plaintiff filed an action in Egyptian court against Helwan ("the Egyptian Action"). Dkt. 42, Request for Judicial Notice, Ex. A, Egyptian Complaint.

On April 25, 2016, defendant filed an answer to the FAC, asserting a counterclaim divided into three counts, namely, a request for declaratory judgment regarding the validity of the Agreement, a request for declaratory judgment regarding plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

***AMENDED CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT COMPANY S.A.E. ET AL. | | |

corporate suspension, and a request for an anti-suit injunction. Dkt. 23. Regarding the Agreement's validity, the defendant alleges:

> An actual and justiciable controversy exists between Helwan and Counter-Defendant, because Helwan disputes the authenticity, genuineness, validity and enforceability of the purported Agreement upon which Counter-Defendant's entire action is based.

Id. ¶ 15. Defendant's anti-suit injunction counterclaim states, "[t]he purported Agreement, to the extent, *arguendo*, such Agreement is found valid and enforceable, contains a forum selection clause . . . ." Id. ¶ 26.

On May 26, 2016, defendant filed a motion seeking an anti-suit injunction against plaintiff based on the forum selection clause of the Agreement. Dkt. 39. On June 27, 2016, the Court ordered plaintiff "not to proceed further in the case before the Egyptian Courts," until the Court issued a ruling regarding defendant's motion for an anti-suit injunction ("the June Order"). Dkt. 49. On July 27, 2016, the Court granted defendant's motion for an anti-suit injunction wherein the Court ordered plaintiff to "Immediately take steps to dismiss the Egyptian Action," ("the Injunction"). Dkt. 57.

There are several motions presently before the Court.

On August 8, 2016, plaintiff filed an appeal of the Injunction to the Ninth Circuit Court of Appeals. Dkt. 60. On August 16, 2016, plaintiff filed a motion to stay the Injunction pending an appeal of the Court's order ("the Motion for a Stay"). Dkt. 65. On August 22, 2016, defendant filed an opposition to the Motion for a Stay. Dkt. 69. On August 29, 2016, plaintiff filed a reply. Dkt. 77. Plaintiff failed to properly notice a hearing on the Motion for a Stay, Dkt. 74, but the Court took the matter under submission, Dkt. 78.

On August 11, 2016, defendant filed a motion for an order to show cause why the Court should not order sanctions and find plaintiff in civil contempt of both the June Order and the Injunction ("the Contempt Motion"). Dkt. 63. On August 22, 2016, plaintiff filed an opposition. Dkt. 70. On August 29, 2016, defendant filed a reply. Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\*AMENDED CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT COMPANY S.A.E. ET AL. | | |

75. On September 1, 2016, the Court took the Contempt Motion under submission. Dkt. 78.

On September 6, 2016, plaintiff filed a motion to voluntarily dismiss the complaint. Dkt. 79. Plaintiff attached a declaration from Mohamed Abouelsaad, Tahaya's president, wherein Abouelsaad states that "contradictory" orders from the Egyptian Action and this Court have forced him "to decide one over the other. . . I feel that I have no choice other than to comply fully with the orders [in the Egyptian Action]. Hence, I regrettably cannot fully comply with the US or progress Tahaya's case in the US . . . As a result Tahaya respectfully has to withdraw from the cases in the US and continue to wait for a final decision from the courts in Egypt." Abouelsaad Decl. ¶¶ 42-43. On September 6, 2016, Maier Shoch LLP filed a motion to withdraw as counsel for plaintiff because Tahaya had informed Maier Shoch LLP that it "would no longer be participating in the proceedings before this Court." Dkt. 82 at 4.

On September 7, 2016, defendant filed a supplemental request for judicial notice in support of the Contempt Motion, requesting consideration of plaintiff's motion to voluntarily dismiss this action and accompanying Abouelsaad declaration. Dkt. 84. On September 19, 2016, defendant filed an opposition to the motion for voluntarily dismissal, Dkt. 89, and an opposition to Maier Shoch LLP's motion to withdraw, Dkt. 89. Plaintiff did not file a reply in support of the motion to voluntarily dismiss. On October 3, 2016, Maier Schoch LLP filed a reply in support of its motion to withdraw. Dkt. 97.

On September 19, 2016, defendant filed a motion to dismiss the complaint with prejudice based on plaintiff's failure to prosecute this action and comply with court orders. Dkt. 87. On October 3, 2016, defendant filed a reply regarding non-opposition to defendant's motion to dismiss with prejudice. Dkt. 97.

On September 28, 2016, defendant filed a motion for summary judgement. Dkt. 95. Defendant's motion for summary judgment is premised, in part, upon its argument that the alleged Agreement is fraudulent and cannot be authenticated. To date, plaintiff has not filed an opposition.

On October 17, 2016, the Court held oral argument on plaintiff's motion to voluntarily dismiss the FAC, Helwan's motion for involuntary dismissal of the action,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\*AMENDED CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT COMPANY S.A.E. ET AL. | | |

and Maier Schoch LLP's motion to withdraw as counsel. During the hearing, the Court distributed a tentative order and discussed with the parties its concern that defendant, having obtained an injunction against plaintiff based upon the alleged Agreement's forum selection clause, should be judicially estopped from arguing in its summary judgment motion that the alleged Agreement upon which plaintiff's claims depend is fraudulent. In light of its argument that the alleged Agreement is bogus, the Court asked defendant whether it would agree to dissolve the anti-injunction. Defendant declined to agree and requested time to consider its position. The Court ordered the parties to confer and file a joint report wherein defendant should state whether or not it intended to continue to pursue its argument that the Agreement is invalid and seek summary judgment on that basis. See Dkt. 102.

The parties then filed a joint status report on October 24, 2016, wherein defendant stated:

> Helwan desires to bring this dispute to closure, on the merits, once and for all. With this in mind, and without waiving any of its rights, Helwan will agree to holding the anti-suit injunction in abeyance while the Court rules on the motions pending before it, including but not limited to Helwan's Motion for Summary Judgment (Dkt. Nos. 95 and 96) and Motion for Sanctions for Violation of Discovery Orders (Dkt. No. 99), currently taken under submission.

Dkt. 103 at 10.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. Plaintiff's Motion to Stay the Injunction Pending Its Appeal.

On August 8, 2016, plaintiff filed an appeal of the Injunction to the Ninth Circuit Court of Appeals. Dkt. 60. However, plaintiff subsequently filed a motion to dismiss its appeal, which the Court of Appeals granted on September 7, 2016. Dkt. 85. Accordingly, plaintiff's Motion for a Stay, dkt. 65, is **DENIED as moot**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\*AMENDED CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT COMPANY S.A.E. ET AL. | | |

### III. Plaintiff's Motion to Dismiss Without Prejudice.

On September 6, 2016, plaintiff filed a motion seeking voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). Dkt. 79. "Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time." Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir.1996). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced ... or unfairly affected by dismissal." Stevedoring Servs. of Am. v. Armilla Int'l, B.V., 889 F.2d 919, 921 (9th Cir.1989) (citations omitted).

"When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." Westlands Water Dist., 100 F.3d at 96. The threat of further litigation in the future does not constitute legal prejudice. Id. Nor does defendant's expense in defending against an action amount to legal prejudice. Id. at 97. Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." Id.

In support of plaintiff's motion for voluntary dismissal, Tahaya has submitted a declaration from its president. See Abouelsaad Decl. The essence of Abouelsaad's declaration is that plaintiff intends to seek resolution exclusively before an Egyptian court. Abouelsaad Decl. ¶¶ 42-43 (Tahaya "cannot fully comply with," the Court's orders and, "has to withdraw from [this case] and continue to wait for a final decision from the courts in Egypt"). Abouelsaad claims that, between this action and the Egyptian Action, Tahaya must "decide one over the other," and that he therefore feels "that I have no choice other than to comply in full with the orders of that jurisdiction [in Egypt]." Id. ¶ 42.

In opposition to plaintiff's motion, defendant argues that plaintiff's motion to voluntarily dismiss this action seeks only to avoid adverse rulings by this Court. Specifically, defendant argues that plaintiff intends to avoid a finding of contempt, the issuance of sanctions, and ultimately an adjudication on the merits. The principal potential prejudice to defendant from voluntary dismissal would be plaintiff's avoidance of the Court's anti-suit injunction, which defendant sought as protection against the Egyptian action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | *AMENDED CIVIL MINUTES - GENERAL | 'O' JS-6 |
|---|---|---|
| Case No. | 2:16-cv-01001-CAS (AFMx) | Date  November 14, 2016 |
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT COMPANY S.A.E. ET AL. | |

Under ordinary circumstances, had the injunction been issued pursuant to the Agreement and defendant then sought to proceed pursuant to the Agreement, the Court would find this action inappropriate for voluntary dismissal. However, defendant has elected to simultaneously seek relief under the Agreement while arguing that the Agreement is invalid.

Accordingly, the Court must choose between two results. First, the Court could conclude that defendant is judicially estopped from disclaiming the Agreement and force both parties' to proceed under circumstances that they oppose.[1] Alternatively, the Court

---

[1] "Judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." Pegram v. Herdrich, 530 U.S. 211, 228 (2000). "[J]udicial estoppel 'is an equitable doctrine invoked by a court at its discretion.' " New Hampshire v. Maine, 532 U.S. 742, 750 (2001) (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)). The Supreme Court has determine that three factors "typically inform the decision whether to apply the doctrine in a particular case," namely:

> [1] a party's later position must be clearly inconsistent with its earlier position . . . [2] courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position . . . [and 3] whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

Id (citations omitted).

In its motion seeking an anti-suit injunction, defendant argued that the "filing of a foreign action in contravention of the parties' chosen forum and '[a]ny continuation of the [foreign] action denigrates the integrity of the parties' prior written commitment that disputes concerning the Agreement would be litigated in California.' " Dkt. 39 at 9 (quoting Applied Med. Distrib. Corp. v. Surgical Co. BV, 587 F.3d 909, 919 (9th Cir. 2009)). Having now sought discovery regarding the Agreement, defendant's present position is that the Agreement through which plaintiff agreed to litigate in California is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\*AMENDED CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT COMPANY S.A.E. ET AL. | | |

can dissolve its anti-suit injunction and permit plaintiff to voluntarily dismiss this action. The Court concludes that the latter is appropriate.

Rule 41(a)(2) permits a plaintiff to voluntarily dismiss its complaint unless the defendant will suffer legal prejudice. Under the unique circumstances presented by this case, the Court concludes that defendant will not suffer legal prejudice if plaintiff is permitted to voluntarily dismiss this action. In light of the fact that defendant has declined to agree to dissolve the injunction and, at the same time, continues to argue the alleged Agreement has no force or effect, it cannot be said that defendant will suffer legal prejudice if the action is dismissed.

The only potential legal prejudice to defendant from dismissal arises from the dissolution of the Court's anti-suit injunction issued pursuant to the Agreement. However, defendant cannot attempt to preclude voluntary dismissal of this action with one argument, relying upon the Agreement, and simultaneously seek a resolution on the merits based upon its argument that the Agreement does not exist. Rather than compel both parties to proceed under conditions they oppose, it is more appropriate to dissolve the anti-suit injunction, grant plaintiff's Rule 41 motion to voluntarily dismiss, and dismiss this action in its entirety.[2] By electing to pursue its argument that the Agreement is invalid, defendant has sought to maintain contradictory arguments in pursuit of an

---

fraudulent and invalid. This position is clearly inconsistent with defendant's earlier position. The defendant succeeded in persuading the Court that the parties were bound by the Agreement's forum selection clause, which provided the principal basis for the Court's June Order and subsequent anti-suit injunction. See Dkt. 57. Finally, if not estopped from arguing the Agreement is a fraud, defendant will have gained an unfair advantage. Having obtained an injunction and sought a civil contempt finding based upon the Agreement, defendant would ordinarily be judicially estopped from arguing that the Agreement is a fraud or fabrication.

[2] A court has "wide discretion" to alter an injunction because of changed factual or legal circumstances. Sys. Fed'n No. 91, Ry. Emp. Dep't, AFL-CIO v. Wright, 364 U.S. 642, 648 (1961).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | *AMENDED CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | November 14, 2016 |
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT COMPANY S.A.E. ET AL. | | |

unfair tactical advantage. In the absence of the anti-suit injunction, plaintiff's FAC should be voluntarily dismissed.

In light of the foregoing, the Court's anti-suit injunction is Dissolved. Plaintiff's motion to voluntarily dismiss the FAC is **GRANTED**. Plaintiff's FAC is **DISMISSED without prejudice**. The Court awards defendant reasonable attorneys' fees. Defendant shall submit evidence of its attorneys' fees within ***21 days** of the issuance of this order.[3]

### IV. Maier Shoch LLP's Motion to Withdraw as Counsel

Maier Shoch LLP seeks to withdraw as counsel for plaintiff in light of plaintiff's apparent decision not to cooperate or proceed in this action. Because Tahaya now refuses to participate in this action, Maier Shoch LLP's request appears consistent with the California Rules of Professional Conduct.

Local Rule 83-2.9.2.1 requires that counsel give reasonable advance notice to the client of their application for leave to withdraw. Maier Shoch LLP avers that it has done so and that "Tahaya knowingly and freely assented to termination of Maier Shoch LLP's employment." Shoch Decl. ¶ 4.

Tahaya, a California corporation, may not represent itself pro se. See Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) ("a corporation may appear in the federal courts only through licensed counsel"). Accordingly, local Rule 83-2.9.2.3 requires that counsel representing a corporation give written notice to the corporation of the consequences of its inability to appear pro se. It appears that Maier Shoch LLP has satisfied this rule as well. See Shoch Decl. ¶ 4 ("on September 2, 2016, Maier Shoch LLP gave Tahaya written notice (via email) of the consequences of its inability to appear pro se.").

---

[3] In light of the Court's ruling on plaintiff's motion to voluntarily dismiss the FAC, defendant's motion for involuntary dismissal is **DENIED as moot**. In light of the dissolution of the Court's anti-suit injunction, defendant's motion for an order to show cause re: contempt is **DENIED as moot**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | *AMENDED CIVIL MINUTES - GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | November 14, 2016 |
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT COMPANY S.A.E. ET AL. | | |

In light of the Court's decision to dismiss the FAC without prejudice, there does not appear to be prejudice to defendant from granting Maier Shoch LLP's motion to withdraw. Accordingly, Maier Shoch LLP's motion to withdraw is **GRANTED**. Maier Shoch LLP is ordered to provide defendant with contact information for its former client and to notify Tahaya of this order.

**V.     Defendant's Motion for Summary Judgment**

Because the FAC has been dismissed, there is no basis for granting defendant summary judgment based upon any claim in the FAC. However, defendant (counter-claimant) alleges a counterclaim against plaintiff (counter-defendant), over which the Court maintains jurisdiction. In addition to addressing the FAC, defendant's motion for summary judgment seeks summary judgment on its counterclaim against Tahaya. Defendant's counterclaim seeks (1) declaratory relief regarding the validity of the alleged Agreement, (2) a declaration regarding the effect of counter-defendant's corporate suspension upon its ability to recover damages from counter-claimant, and (3) an anti-suit injunction.

The first two counts of the counterclaim rely upon defendant's allegation that "*[a]n actual and justiciable controversy exists* between Helwan and Counter-Defendant, because Helwan disputes the authenticity, genuineness, validity and enforceability of the purported Agreement upon which Counter-Defendant's entire action is based." Counterclaim ¶ 15, Dkt. 30 (emphasis added). In light of the Court's dismissal of the FAC without prejudice, "counter-defendant's entire action" has been dismissed. Accordingly, defendant's motion for summary judgment with respect to the first two counts of the counterclaim should be dismissed because there is no actual and justiciable controversy pursuant to which defendant might be entitled to declaratory relief. With respect to the third count of defendant's counterclaim, defendant does not allege that there is an Agreement under which it may be entitled to injunctive relief.

Defendant's purported counterclaim merely duplicates its defenses to liability for Tahaya's claims. Because the Court has dismissed Tahaya's claims against defendant, defendant's counterclaim is appropriately subject to dismissal for failure to state an independent claim upon which relief can be granted. See Buller v. Owner Operator Indep. Driver Risk Retention Grp., Inc., 461 F. Supp. 2d 757, 767 (S.D. Ill. 2006)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | *AMENDED CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | November 14, 2016 |
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT COMPANY S.A.E. ET AL. | | |

(dismissing a two-count counterclaim where the plaintiff sought to voluntarily dismiss the complaint and the counterclaim duplicated defendant's defenses rather than providing a basis for relief that was independent of the dismissed complaint). Accordingly, defendant's counterclaim is **DISMISSED without prejudice**. Defendant's motion for summary judgment is **DENIED as moot**. The hearing on defendant's motion for summary judgment, currently scheduled for November 14, 2016, is hereby vacated.

## VI. CONCLUSION

The Court's anti-suit injunction is hereby dissolved.

Plaintiff's motion to voluntarily dismiss the FAC is **GRANTED**. The FAC is ordered **DISMISSED without prejudice**. Defendant is awarded reasonable attorneys' fees. Defendant shall submit evidence of its attorneys' fees within 21 days of the issuance of this order.

Maier Shoch LLP's motion to withdraw is **GRANTED**. However, Maier Shoch LLP is ordered to provide its former client's contact information to the Court and defendant as well as notify its former client of this order and its effects.

Defendant's counterclaim is **DISMISSED without prejudice**. Plaintiff's motion for a stay, Dkt. 65, defendant's motion for an order to show cause re: contempt, Dkt. 63, defendant's motion to dismiss, Dkt. 87, and defendant's motion for summary judgment, Dkt. 95, are **DENIED as moot**. The November 14, 2016, hearing on defendant's motion for summary judgment motion is vacated.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |