UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT S.A.E. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) - DEFENDANT'S ATTORNEYS' FEES APPLICATION (Filed December 19, 2016, Dkt. 115)

## I. INTRODUCTION

On November 14, 2016, the Court granted plaintiff's motion to voluntarily dismiss this action. The background and procedural history are set forth at length in the Court's order granting plaintiff's motion to voluntarily dismiss the complaint. See Dkt. 110. In said order, the Court awarded defendant, Helwan, reasonable attorneys' fees and ordered defendant to submit evidence of its attorneys' fees. Dkt. 110. On December 5, 2016, Lorenzo Gasparetti, counsel for Helwan, filed a declaration setting forth the attorneys' fees incurred by Helwan in this action between the time it was first filed and subsequently dismissed. Dkt. 111. On December 8, 2016, the Court, having examined Gasparetti's declaration, denied defendant's request for attorneys' fees without prejudice. Dkt. 113. The Court ordered Helwan to file records including the number of hours worked, by whom, and a summary of the work performed sufficient to enable the Court to evaluate whether defendant's request is reasonable and calculate an appropriate lodestar. Id.

On December 19, 2016, Gasparetti filed a second declaration regarding Helwan's attorneys' fees. Dkt. 114 ("Gasparetti Decl."). To date plaintiff has not filed any opposition to Helwan's requested attorneys' fees.

Having carefully considered defendant's submission, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT S.A.E. ET AL. | | |

## II. LEGAL STANDARD

Where fee awards are appropriate and available, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The Ninth Circuit applies the "lodestar" method, designed to determine the basic fee for comparable legal services in the community. See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir.2008). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Id. The Court has an independent duty to determine whether the hours and hourly rates submitted by the fee applicant are "reasonable," and to reach its own "lodestar" value, which is "the number of hours reasonably expended ... multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433. Once the lodestar has been calculated, a court may "adjust [it] upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar." Van Gerwen v. Guar. Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir.2000). The party seeking fees must submit evidence supporting the number of hours worked, and the district court should exclude "hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" Van Gerwen, 214 F.3d at 1045 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). "The trial court may 'reduce the award or deny one altogether' if the fee request 'appears unreasonably inflated.'" Drumm v. Morningstar, Inc., 695 F.Supp.2d 1014, 1023 (N.D.Cal.2010) (quoting Serrano v. Unruh, 652 P.2d 985 (1982)).

## III. DISCUSSION

Helwan seeks a total of $552,467.79 in attorneys' fees. Helwan has submitted extensive documentation of its attorneys' fees, including its counsel's invoices for legal services rendered by five attorneys and one paralegal who worked as Helwan's defense counsel in this action. See Gasparetti Decl. Ex. 2. The Gasparetti declaration also explains the basis for the hourly rates charged by each member of the defense team, all of which the Court finds to be reasonable in light of their respective levels of experience and the local legal market. In addition to the invoices themselves, Helwan has submitted a summary document associating hours worked with separate stages of the litigation. Gasparetti Decl. Ex. 3. For simplicity, the Court will use the categories identified by Helwan in its summary document.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                'O'

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT S.A.E. ET AL. | | |

### A.   Reasonable Requests

Litigation in this matter was relatively complex because it implicated legal proceedings occurring simultaneously in Egypt, involved numerous substantive motions, and proceeded through partial discovery before the Court granted plaintiff's motion to voluntarily dismiss the complaint.  In relation to removal proceedings, defendant's motion to dismiss due to improper service, defendant's answer and cross-claims, scheduling, defendant's motion for an anti-suit injunction, cross-motions to dismiss by both plaintiff and Helwan, preparation of a joint report regarding plaintiff's motion to voluntarily dismiss, and defendant's motion for summary judgment, Helwan presents evidence that its defense counsel expended 507.451 hours of work between five attorneys and a paralegal.  The Court concludes that the foregoing hours were reasonably expended and calculates the appropriate, lodestar for the foregoing proceedings as follows:

|  | Hourly Rate | Hours Expended | Rate x Hours |
|---|---|---|---|
| Lorenzo Gasparetti | $810 | 149.145 | $120,807.45 |
| Peter Ellis | $730 | 112.136 | $81,859.28 |
| Monica Ortiz | $495 | 188.07 | $93,094.65 |
| Mikiko Thelwell | $330 | 18.3 | $6,039.00 |
| Lizeth Sanchez | $250 | 6.8 | $1,700.00 |
| Alexa Hankard | $235 | 33 | $7,755.00 |
| TOTALS | | 507.451 | **$311,255.38** |

In accordance with the foregoing, Helwan is awarded $311,255.38 in fees incurred as a result of the proceedings listed in the previous paragraph.

### B.   Fact Investigation, Analysis, and File Administration

Helwan also seeks fees incurred as a result of 231.39 hours of work it claims were expended on file administration, fact investigation, and "Case Analysis/Strategy." Gasparetti Decl. Ex. 3.  Specifically, Helwan seeks the following additional fees:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT S.A.E. ET AL. | | |

|  | Hourly Rate | Hours Expended | Rate x Hours |
|---|---|---|---|
| Lorenzo Gasparetti | $810 | 64.38 | $52,147.80 |
| Peter Ellis | $730 | 115.77 | $84,512.10 |
| Monica Ortiz | $495 | 30.34 | $15,018.30 |
| Mikiko Thelwell | $330 | 14.5 | $4,785.00 |
| Lizeth Sanchez | $250 | 6.4 | $1,600.00 |
| Alexa Hankard | $235 | 0 | - |
| TOTALS | | 231.39 | **$158,063.20** |

The Gasparetti declaration states that the foregoing was reasonable because plaintiff's claims sought more than $3 billion in damages and because the case involved the alleged breach of a contract which required performance in Egypt and elsewhere over a 13-year period. Defendant disputed the authenticity and genuineness of the alleged contract and was not able to obtain the original document prior to plaintiff's voluntary dismissal of the action.

Helwan has not satisfied its burden of demonstrating that the foregoing hours were reasonable. Helwan's counsel reasonably expended many hours of work on the motions practice in this case, which necessarily entailed factual investigation and strategy; however, Helwan has not demonstrated that this case required uniquely complex strategic discussions or factual investigations beyond those required for the motions practice. The invoices offered by Helwan are so substantially redacted that the Court cannot discern why these hours were reasonably necessary to the defense of the case. Accordingly, the Court awards Helwan fifty percent of the billed time for these entries, $79,031.60, for a cumulative amount of $390,286.98 thus far discussed.

    **C.**    **Discovery**

Lastly, Helwan seeks $83,339.81 spent in relation to the contentious, partial discovery in this matter. Specifically, Helwan claims to have expended the following hours on discovery, a motion to compel discovery, and seeking sanctions when plaintiff failed to comply with a production order:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  '**O**'

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT S.A.E. ET AL. | | |

| | Hourly Rate | Hours Expended | Rate x Hours |
|---|---|---|---|
| Lorenzo Gasparetti | $810 | 59.31 | $48,041.10 |
| Peter Ellis | $730 | 18.532 | $13,528.36 |
| Monica Ortiz | $495 | 41.63 | $20,606.85 |
| Mikiko Thelwell | $330 | 0 | - |
| Lizeth Sanchez | $250 | .8 | $200.00 |
| Alexa Hankard | $235 | 4.1 | $963.50 |
| TOTALS | | 124.372 | **$83,339.81** |

On August 4, 2016, the parties filed a short stipulation to divide discovery proceedings into two phases, the first of which would address the validity and enforceability of the contract on which plaintiff's claims were based. Dkt. 58. On August 29, 2016, the parties submitted a joint stipulation setting forth a dispute regarding plaintiff's discovery compliance. Thereafter, defendant brought a motion to compel production of the original wet-signature agreement and for a deposition of the plaintiff-company's president. Dkt. 76. On September 6, 2016, Helwan submitted a supplemental memorandum regarding the discovery dispute. Dkt. 83.

On September 20, 2016, Magistrate Judge Alexander MacKinnon granted the motion to compel production. Dkt. 91. Judge MacKinnon ordered plaintiff to produce the original wet-signature document and plaintiff's president to appear for deposition on or before September 30, 2016. Id. Plaintiff failed to comply and Helwan filed a motion for sanctions seeking attorneys' fees. Dkt. 98. In its motion, Helwan sought "to be awarded its reasonable attorneys' fees of in [sic] the total amount of $20,250 incurred in connection with these discovery proceedings." Id. at 13. Helwan attached a declaration from Gasparetti, explaining the basis for the fees it incurred. Dkt. 98-3. In said declaration, Gasparetti stated that he had:

> spent no less than 25 hours engaging in good faith efforts to meet and confer with Plaintiff's counsel regarding the discovery at issue, preparing a Joint Stipulation, Motion to Compel and supplemental brief regarding the Motion to Compel, as well as preparing the present Motion. . . . Therefore, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT S.A.E. ET AL. | | |

estimated total of fees incurred by Helwan from my work in connection with these discovery proceedings is at least $20,250.00.

Id. ¶ 9.

No opposition was ever filed.  Judge MacKinnon granted Helwan's motion for sanctions, but ordered defendant to submit additional information tailored to fees that were "caused by Plaintiff's failure to comply" with the production order rather than all fees associated with the discovery proceedings.  Dkt. 105 at 3.  Thereafter, Gasparetti submitted a declaration explaining that he had expended 7.4 hours preparing Helwan's motion for sanctions and attending the hearing on the motion.  Dkt. 106.  Gasparetti also explained that Alexa Hankard had spent "no less than 4.1 hours" on legal research for the motion for sanctions.  Id.  To date, Judge MacKinnon has not issued an order granting an award of said fees to Helwan.

Defendant has not demonstrated its entitlement to $83,339.81 in attorneys' fees associated with discovery.  There appears to be a discrepancy between Gasparetti's initial claim to have expended 25 hours on discovery proceedings and Gasparetti's present claim to have expended 59.31 hours, himself, on discovery proceedings.  As with the fees already discussed above, the Court cannot discern from the redacted invoice records which hours were expended on discovery matters as opposed to other matters.  Accordingly, the Court awards Helwan fees for 25 hours expended by Gasparetti in addition to the remaining hours requested.  Helwan is hereby awarded $55,548.71 in fees incurred as a result of discovery in this matter.[1]

---

[1] Helwan is granted 14 days in which to seek any modification of this order.  If Helwan so chooses, Helwan shall submit an explanation of the discrepancy in hours apparently worked by Gasparetti and submit appropriate documentation to enable the Court to better evaluate the hours worked on matters relating to discovery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                'O'

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT S.A.E. ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS in part** and **DENIES in part** Helwan's request for reasonable attorneys' fees. The Court awards Helwan a total of $445,835.69 in attorneys' fees.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | CMJ | |