1  Lorenzo E. Gasparetti (SBN 135976)
   Email:    lgasparetti@reedsmith.com
2  REED SMITH LLP
   355 South Grand Avenue
3  Suite 2900
   Los Angeles, CA  90071-1514
4  Telephone: +1 213 457 8000
   Facsimile: +1 213 457 8080
5
   Peter M. Ellis *(Admitted Pro Hac Vice)*
6  Email:    pellis@reedsmith.com
   REED SMITH LLP
7  10 South Wacker Drive
   Chicago, IL  60606-7507
8  Telephone: +1 312 207 1000
   Facsimile: +1 312 207 6400
9
   Attorneys for Defendant
10 and Counter-Claimant
   Helwan Cement Company S.A.E.
11
                    UNITED STATES DISTRICT COURT
12
                   CENTRAL DISTRICT OF CALIFORNIA
13

| | |
|---|---|
| TAHAYA MISR INVESTMENT INC., f/k/a The Globe Corporation, a California corporation, | Case No. 2:16-cv-1001 CAS (AFMx) |
| | Honorable Christina A. Snyder |
| Plaintiffs, | Magistrate Judge Alexander F. MacKinnon |
| v. | **[PROPOSED] FINAL JUDGMENT OF DISMISSAL AND AWARD OF ATTORNEYS' FEES** |
| HELWAN CEMENT S.A.E., an Egyptian Joint Stock Company with Limited Liability; et al, | |
| Defendants. | |
| HELWAN CEMENT S.A.E., an Egyptian Joint Stock Company with Limited Liability, | |
| Counter-Claimant, | |
| v. | |
| TAHAYA MISR INVESTMENT INC., f/k/a The Globe Corporation, a California corporation, | |
| Counter-Defendant. | |

The Court has ordered that the entire action of Plaintiff and Counter-Defendant Tahaya Misr Investment Inc. ("Tahaya", formerly known as The Globe Corporation) is voluntarily dismissed without prejudice and Defendant and Counter-Claimant Helwan Cement Company S.A.E. ("Helwan", formerly known as Helwan Portland Cement Company of ASEC Group) be awarded its reasonable attorneys' fees in the total amount of $445,835.69 pursuant to Federal Rules of Civil Procedure 41(a)(2). As a result thereof, the Court has further ordered that Helwan's entire counter-action is dismissed without prejudice as well.

Tahaya's action and Helwan's counter-action were decided by the Honorable Christina A. Snyder on Tahaya's motion for voluntary dismissal, as reflected in the Court's November 14, 2016 and January 23, 2017 Orders (Dkts. Nos. 109 and 116, respectively), both of which are incorporated herein by reference in their entirety as Exhibits 1 and 2, respectively.

Accordingly, **IT IS ORDERED, ADJUDGED AND DECREED** that a final **JUDGMENT OF DISMISSAL WITHOUT PREJUDICE** is hereby entered as to both Tahaya's entire action and Helwan's entire counter-action and awarding Helwan its reasonable attorneys' fees in the total amount of $445,835.69 pursuant to Federal Rules of Civil Procedure 41(a)(2).

**IT IS SO ORDERED.**

DATED: _____March 17,_ 2017

_Christina A. Snyder_

United States District Judge
Hon. Christina A. Snyder

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Exhibit 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'  JS-6

| Case No. | 2:16-cv-01001-CAS (AFMx) | | Date | November 14, 2016 |
|---|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT COMPANY S.A.E. ET AL. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Presentæ | Not Present |

| Proceedings: | (IN CHAMBERS) - DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE RE CONTEMPT AND SANCTIONS (Filed August 11, 2016, Dkt. 63) |
|---|---|
| | (IN CHAMBERS) PLAINTIFF'S MOTION TO STAY ANTI-SUIT INJUNCTION PENDING APPEAL (Filed August 16, 2016, Dkt. 65) |
| | (IN CHAMBERS) PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS (Filed September 6, 2016, Dkt. 79) |
| | (IN CHAMBERS) MAIER SHOCH LLP'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF (Filed September 6, 2016, Dkt. 82) |
| | (IN CHAMBERS) DEFENDANT'S MOTION TO DISMISS (Filed September 19, 2016, Dkt. 87) |
| | (IN CHAMBERS) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Filed September 28, 2016, Dkt. 95) |

## I.   INTRODUCTION AND BACKGROUND

Plaintiff Tahaya Misr Investment, Inc. ("Tahaya"), filed the instant action on December 29, 2015 in Los Angeles County Superior Court against defendants Helwan Cement S.A.E. ("Helwan"), Suez Cement Company ("SCC"), and Italcementi Group ("Italcementi"). Dkt. 1.1. On February 12, 2016, defendants removed this action to this Court on the basis of diversity jurisdiction. Id. On May 23, 2016, the Court issued an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'   JS-6

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT COMPANY S.A.E. ET AL. | | |

order dismissing defendants SCC and Italcementi from this action for lack of personal jurisdiction.  Dkt. 38.

The operative complaint asserts claims against the remaining defendant, Helwan, for breach of contract and breach of the implied covenant of good faith and fair dealing. Dkt. 22.  Plaintiff alleges that, on or about March 6, 2002, plaintiff entered into an "Exclusive Agency Agreement" (the "Agreement") with defendant Helwan. FAC ¶ 17. The alleged Agreement provided, in relevant part: (1) that plaintiff would serve as Helwan's sales agent for cement sales outside of Egypt; (2) that Helwan would pay plaintiff a commission of $2.00 (USD) for every ton of cement sold outside of Egypt, regardless of whether plaintiff was involved in the particular transaction; and (3) that Helwan would pay plaintiff's commissions within ten days of Helwan's receipt of payment from its customer, and that any delay in a commission payment would be subject to a charge of 1% compound interest per week. Id. Plaintiff alleges that Helwan breached the Agreement by failing and refusing to pay plaintiff commissions from cement sold to non-Egyptian buyers. Id. ¶ 20.  Significantly, the alleged Agreement contains a forum selection clause, which provides:

> It is agreed that the laws of the state of California and the United States of America govern this agreement. The Globe Corporation and Helwan Portland Cement Co. (of ASEC Group) agree that any legal dispute arising out of the agreement or relating to the scope of this agreement may be brought only in the Courts of the State of California or Federal US courts in California.

FAC, Ex. A.2.  Both parties have substantial ties to Egypt.  Notwithstanding the alleged Agreement's forum selection clause, on or about April 28, 2011, plaintiff filed an action in Egyptian court against Helwan ("the Egyptian Action").  Dkt. 42, Request for Judicial Notice, Ex. A, Egyptian Complaint.

On April 25, 2016, defendant filed an answer to the FAC, asserting a counterclaim divided into three counts, namely, a request for declaratory judgment regarding the validity of the Agreement, a request for declaratory judgment regarding plaintiff's corporate suspension, and a request for an anti-suit injunction.  Dkt. 23.  Regarding the Agreement's validity, the defendant alleges:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT COMPANY S.A.E. ET AL. | | |

An actual and justiciable controversy exists between Helwan and Counter-Defendant, because Helwan disputes the authenticity, genuineness, validity and enforceability of the purported Agreement upon which Counter-Defendant's entire action is based.

Id. ¶ 15.  Defendant's anti-suit injunction counterclaim states, "[t]he purported Agreement, to the extent, *arguendo*, such Agreement is found valid and enforceable, contains a forum selection clause . . . ." Id. ¶ 26.

On May 26, 2016, defendant filed a motion seeking an anti-suit injunction against plaintiff based on the forum selection clause of the Agreement.  Dkt. 39.  On June 27, 2016, the Court ordered plaintiff "not to proceed further in the case before the Egyptian Courts," until the Court issued a ruling regarding defendant's motion for an anti-suit injunction ("the June Order").  Dkt. 49.  On July 27, 2016, the Court granted defendant's motion for an anti-suit injunction wherein the Court ordered plaintiff to "Immediately take steps to dismiss the Egyptian Action," ("the Injunction").  Dkt. 57.

There are several motions presently before the Court.

On August 8, 2016, plaintiff filed an appeal of the Injunction to the Ninth Circuit Court of Appeals.  Dkt. 60.  On August 16, 2016, plaintiff filed a motion to stay the Injunction pending an appeal of the Court's order ("the Motion for a Stay").  Dkt. 65.  On August 22, 2016, defendant filed an opposition to the Motion for a Stay.  Dkt. 69.  On August 29, 2016, plaintiff filed a reply.  Dkt. 77.  Plaintiff failed to properly notice a hearing on the Motion for a Stay, Dkt. 74, but the Court took the matter under submission, Dkt. 78.

On August 11, 2016, defendant filed a motion for an order to show cause why the Court should not order sanctions and find plaintiff in civil contempt of both the June Order and the Injunction ("the Contempt Motion").  Dkt. 63.  On August 22, 2016, plaintiff filed an opposition.  Dkt. 70.  On August 29, 2016, defendant filed a reply.  Dkt. 75.  On September 1, 2016, the Court took the Contempt Motion under submission.  Dkt. 78.

On September 6, 2016, plaintiff filed a motion to voluntarily dismiss the complaint.  Dkt. 79.  Plaintiff attached a declaration from Mohamed Abouelsaad,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'   JS-6

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT COMPANY S.A.E. ET AL. | | |

Tahaya's president, wherein Abouelsaad states that "contradictory" orders from the Egyptian Action and this Court have forced him "to decide one over the other. . . I feel that I have no choice other than to comply fully with the orders [in the Egyptian Action]. Hence, I regrettably cannot fully comply with the US or progress Tahaya's case in the US . . . As a result Tahaya respectfully has to withdraw from the cases in the US and continue to wait for a final decision from the courts in Egypt." Abouelsaad Decl. ¶¶ 42-43. On September 6, 2016, Maier Shoch LLP filed a motion to withdraw as counsel for plaintiff because Tahaya had informed Maier Shoch LLP that it "would no longer be participating in the proceedings before this Court." Dkt. 82 at 4.

On September 7, 2016, defendant filed a supplemental request for judicial notice in support of the Contempt Motion, requesting consideration of plaintiff's motion to voluntarily dismiss this action and accompanying Abouelsaad declaration. Dkt. 84. On September 19, 2016, defendant filed an opposition to the motion for voluntarily dismissal, Dkt. 89, and an opposition to Maier Shoch LLP's motion to withdraw, Dkt. 89. Plaintiff did not file a reply in support of the motion to voluntarily dismiss. On October 3, 2016, Maier Schoch LLP filed a reply in support of its motion to withdraw. Dkt. 97.

On September 19, 2016, defendant filed a motion to dismiss the complaint with prejudice based on plaintiff's failure to prosecute this action and comply with court orders. Dkt. 87. On October 3, 2016, defendant filed a reply regarding non-opposition to defendant's motion to dismiss with prejudice. Dkt. 97.

On September 28, 2016, defendant filed a motion for summary judgement. Dkt. 95. Defendant's motion for summary judgment is premised, in part, upon its argument that the alleged Agreement is fraudulent and cannot be authenticated. To date, plaintiff has not filed an opposition.

On October 17, 2016, the Court held oral argument on plaintiff's motion to voluntarily dismiss the FAC, Helwan's motion for involuntary dismissal of the action, and Maier Schoch LLP's motion to withdraw as counsel. During the hearing, the Court distributed a tentative order and discussed with the parties its concern that defendant, having obtained an injunction against plaintiff based upon the alleged Agreement's forum selection clause, should be judicially estopped from arguing in its summary judgment motion that the alleged Agreement upon which plaintiff's claims depend is fraudulent. In light of its argument that the alleged Agreement is bogus, the Court asked defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       'O'   JS-6

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | November 14, 2016 |
|----------|--------------------------|------|-------------------|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT COMPANY S.A.E. ET AL. | | |

whether it would agree to dissolve the anti-injunction. Defendant declined to agree and requested time to consider its position. The Court ordered the parties to confer and file a joint report wherein defendant should state whether or not it intended to continue to pursue its argument that the Agreement is invalid and seek summary judgment on that basis. See Dkt. 102.

The parties then filed a joint status report on October 24, 2016, wherein defendant stated:

> Helwan desires to bring this dispute to closure, on the merits, once and for all. With this in mind, and without waiving any of its rights, Helwan will agree to holding the anti-suit injunction in abeyance while the Court rules on the motions pending before it, including but not limited to Helwan's Motion for Summary Judgment (Dkt. Nos. 95 and 96) and Motion for Sanctions for Violation of Discovery Orders (Dkt. No. 99), currently taken under submission.

Dkt. 103 at 10.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

**II.     Plaintiff's Motion to Stay the Injunction Pending Its Appeal.**

On August 8, 2016, plaintiff filed an appeal of the Injunction to the Ninth Circuit Court of Appeals. Dkt. 60. However, plaintiff subsequently filed a motion to dismiss its appeal, which the Court of Appeals granted on September 7, 2016. Dkt. 85. Accordingly, plaintiff's Motion for a Stay, dkt. 65, is **DENIED as moot**.

**III.    Plaintiff's Motion to Dismiss Without Prejudice.**

On September 6, 2016, plaintiff filed a motion seeking voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). Dkt. 79. "Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time." Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir.1996). "The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT COMPANY S.A.E. ET AL. | | |

purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced ... or unfairly affected by dismissal." Stevedoring Servs. of Am. v. Armilla Int'l, B.V., 889 F.2d 919, 921 (9th Cir.1989) (citations omitted). "When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." Westlands Water Dist., 100 F.3d at 96. The threat of further litigation in the future does not constitute legal prejudice. Id. Nor does defendant's expense in defending against an action amount to legal prejudice. Id. at 97. Legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." Id.

In support of plaintiff's motion for voluntary dismissal, Tahaya has submitted a declaration from its president. See Abouelsaad Decl. The essence of Abouelsaad's declaration is that plaintiff intends to seek resolution exclusively before an Egyptian court. Abouelsaad Decl. ¶¶ 42-43 (Tahaya "cannot fully comply with," the Court's orders and, "has to withdraw from [this case] and continue to wait for a final decision from the courts in Egypt"). Abouelsaad claims that, between this action and the Egyptian Action, Tahaya must "decide one over the other," and that he therefore feels "that I have no choice other than to comply in full with the orders of that jurisdiction [in Egypt]." Id. ¶ 42.

In opposition to plaintiff's motion, defendant argues that plaintiff's motion to voluntarily dismiss this action seeks only to avoid adverse rulings by this Court. Specifically, defendant argues that plaintiff intends to avoid a finding of contempt, the issuance of sanctions, and ultimately an adjudication on the merits. The principal potential prejudice to defendant from voluntary dismissal would be plaintiff's avoidance of the Court's anti-suit injunction, which defendant sought as protection against the Egyptian action.

Under ordinary circumstances, had the injunction been issued pursuant to the Agreement and defendant then sought to proceed pursuant to the Agreement, the Court would find this action inappropriate for voluntary dismissal. However, defendant has elected to simultaneously seek relief under the Agreement while arguing that the Agreement is invalid.

Accordingly, the Court must choose between two results. First, the Court could conclude that defendant is judicially estopped from disclaiming the Agreement and force

Case 2:16-cv-01001-CAS-AFM   Document 119   Filed 03/17/17   Page 10 of 23   Page ID
#:2012
Case 2:16-cv-01001-CAS-AFM   Document 109   Filed 11/14/16   Page 7 of 11   Page ID #:1778

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT COMPANY S.A.E. ET AL. | | |

both parties' to proceed under circumstances that they oppose.[1]  Alternatively, the Court

---

[1] "Judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." Pegram v. Herdrich, 530 U.S. 211, 228 (2000).  "[J]udicial estoppel 'is an equitable doctrine invoked by a court at its discretion.' "  New Hampshire v. Maine, 532 U.S. 742, 750 (2001) (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)). The Supreme Court has determine that three factors "typically inform the decision whether to apply the doctrine in a particular case," namely:

> [1] a party's later position must be clearly inconsistent with its earlier position . . . [2] courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position . . . [and 3] whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

Id (citations omitted).

In its motion seeking an anti-suit injunction, defendant argued that the "filing of a foreign action in contravention of the parties' chosen forum and '[a]ny continuation of the [foreign] action denigrates the integrity of the parties' prior written commitment that disputes concerning the Agreement would be litigated in California.' " Dkt. 39 at 9 (quoting Applied Med. Distrib. Corp. v. Surgical Co. BV, 587 F.3d 909, 919 (9th Cir. 2009)).  Having now sought discovery regarding the Agreement, defendant's present position is that the Agreement through which plaintiff agreed to litigate in California is fraudulent and invalid.  This position is clearly inconsistent with defendant's earlier position.  The defendant succeeded in persuading the Court that the parties were bound by the Agreement's forum selection clause, which provided the principal basis for the Court's June Order and subsequent anti-suit injunction.  See Dkt. 57.  Finally, if not estopped from arguing the Agreement is a fraud, defendant will have gained an unfair advantage.  Having obtained an injunction and sought a civil contempt finding based upon the Agreement, defendant would ordinarily be judicially estopped from arguing that the Agreement is a fraud or fabrication.

Case 2:16-cv-01001-CAS-AFM  Document 109  Filed 11/14/16  Page 8 of 11  Page ID #:1779

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT COMPANY S.A.E. ET AL. | | |

can dissolve its anti-suit injunction and permit plaintiff to voluntarily dismiss this action. The Court concludes that the latter is appropriate.

Rule 41(a)(2) permits a plaintiff to voluntarily dismiss its complaint unless the defendant will suffer legal prejudice. Under the unique circumstances presented by this case, the Court concludes that defendant will not suffer legal prejudice if plaintiff is permitted to voluntarily dismiss this action. In light of the fact that defendant has declined to agree to dissolve the injunction and, at the same time, continues to argue the alleged Agreement has no force or effect, it cannot be said that defendant will suffer legal prejudice if the action is dismissed.

The only potential legal prejudice to defendant from dismissal arises from the dissolution of the Court's anti-suit injunction issued pursuant to the Agreement. However, defendant cannot attempt to preclude voluntary dismissal of this action with one argument, relying upon the Agreement, and simultaneously seek a resolution on the merits based upon its argument that the Agreement does not exist. Rather than compel both parties to proceed under conditions they oppose, it is more appropriate to dissolve the anti-suit injunction, grant plaintiff's Rule 41 motion to voluntarily dismiss, and dismiss this action in its entirety.[2] By electing to pursue its argument that the Agreement is invalid, defendant has sought to maintain contradictory arguments in pursuit of an unfair tactical advantage. In the absence of the anti-suit injunction, plaintiff's FAC should be voluntarily dismissed.

In light of the foregoing, the Court's anti-suit injunction is Dissolved. Plaintiff's motion to voluntarily dismiss the FAC is **GRANTED**. Plaintiff's FAC is **DISMISSED without prejudice**. The Court awards defendant reasonable attorneys' fees. Defendant shall submit evidence of its attorneys' fees within 14 days of the issuance of this order.[3]

---

[2] A court has "wide discretion" to alter an injunction because of changed factual or legal circumstances. Sys. Fed'n No. 91, Ry. Emp. Dep't, AFL-CIO v. Wright, 364 U.S. 642, 648 (1961).

[3] In light of the Court's ruling on plaintiff's motion to voluntarily dismiss the FAC, defendant's motion for involuntary dismissal is **DENIED as moot**. In light of the dissolution of the Court's anti-suit injunction, defendant's motion for an order to show cause re: contempt is **DENIED as moot**.

Case 2:16-cv-01001-CAS-AFM   Document 109   Filed 11/14/16   Page 9 of 11   Page ID #:1780

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | November 14, 2016 |
|----------|--------------------------|------|-------------------|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT COMPANY S.A.E. ET AL. | | |

## IV.    Maier Shoch LLP's Motion to Withdraw as Counsel

Maier Shoch LLP seeks to withdraw as counsel for plaintiff in light of plaintiff's apparent decision not to cooperate or proceed in this action. Because Tahaya now refuses to participate in this action, Maier Shoch LLP's request appears consistent with the California Rules of Professional Conduct.

Local Rule 83-2.9.2.1 requires that counsel give reasonable advance notice to the client of their application for leave to withdraw. Maier Shoch LLP avers that it has done so and that "Tahaya knowingly and freely assented to termination of Maier Shoch LLP's employment." Shoch Decl. ¶ 4.

Tahaya, a California corporation, may not represent itself pro se. See Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) ("a corporation may appear in the federal courts only through licensed counsel"). Accordingly, local Rule 83-2.9.2.3 requires that counsel representing a corporation give written notice to the corporation of the consequences of its inability to appear pro se. It appears that Maier Shoch LLP has satisfied this rule as well. See Shoch Decl. ¶ 4 ("on September 2, 2016, Maier Shoch LLP gave Tahaya written notice (via email) of the consequences of its inability to appear pro se.").

In light of the Court's decision to dismiss the FAC without prejudice, there does not appear to be prejudice to defendant from granting Maier Shoch LLP's motion to withdraw. Accordingly, Maier Shoch LLP's motion to withdraw is **GRANTED**. Maier Shoch LLP is ordered to provide defendant with contact information for its former client and to notify Tahaya of this order.

## V.    Defendant's Motion for Summary Judgment

Because the FAC has been dismissed, there is no basis for granting defendant summary judgment based upon any claim in the FAC. However, defendant (counter-claimant) alleges a counterclaim against plaintiff (counter-defendant), over which the Court maintains jurisdiction. In addition to addressing the FAC, defendant's motion for summary judgment seeks summary judgment on its counterclaim against Tahaya. Defendant's counterclaim seeks (1) declaratory relief regarding the validity of the alleged Agreement, (2) a declaration regarding the effect of counter-defendant's corporate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT COMPANY S.A.E. ET AL. | | |

suspension upon its ability to recover damages from counter-claimant, and (3) an anti-suit injunction.

The first two counts of the counterclaim rely upon defendant's allegation that "*[a]n actual and justiciable controversy exists* between Helwan and Counter-Defendant, because Helwan disputes the authenticity, genuineness, validity and enforceability of the purported Agreement upon which Counter-Defendant's entire action is based." Counterclaim ¶ 15, Dkt. 30 (emphasis added).  In light of the Court's dismissal of the FAC without prejudice, "counter-defendant's entire action" has been dismissed. Accordingly, defendant's motion for summary judgment with respect to the first two counts of the counterclaim should be dismissed because there is no actual and justiciable controversy pursuant to which defendant might be entitled to declaratory relief.  With respect to the third count of defendant's counterclaim, defendant does not allege that there is an Agreement under which it may be entitled to injunctive relief.

Defendant's purported counterclaim merely duplicates its defenses to liability for Tahaya's claims.  Because the Court has dismissed Tahaya's claims against defendant, defendant's counterclaim is appropriately subject to dismissal for failure to state an independent claim upon which relief can be granted.  See Buller v. Owner Operator Indep. Driver Risk Retention Grp., Inc., 461 F. Supp. 2d 757, 767 (S.D. Ill. 2006) (dismissing a two-count counterclaim where the plaintiff sought to voluntarily dismiss the complaint and the counterclaim duplicated defendant's defenses rather than providing a basis for relief that was independent of the dismissed complaint).  Accordingly, defendant's counterclaim is **DISMISSED without prejudice**.  Defendant's motion for summary judgment is **DENIED as moot**.  The hearing on defendant's motion for summary judgment, currently scheduled for November 14, 2016, is hereby vacated.

## VI.  CONCLUSION

The Court's anti-suit injunction is hereby dissolved.

Plaintiff's motion to voluntarily dismiss the FAC is **GRANTED**.  The FAC is ordered **DISMISSED without prejudice**.  Defendant is awarded reasonable attorneys' fees.  Defendant shall submit evidence of its attorneys' fees within 21 days of the issuance of this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'   JS-6**

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT COMPANY S.A.E. ET AL. | | |

Maier Shoch LLP's motion to withdraw is **GRANTED**.  However, Maier Shoch LLP is ordered to provide its former client's contact information to the Court and defendant as well as notify its former client of this order and its effects.

Defendant's counterclaim is **DISMISSED without prejudice**.  Plaintiff's motion for a stay, Dkt. 65, defendant's motion for an order to show cause re: contempt, Dkt. 63, defendant's motion to dismiss, Dkt. 87, and defendant's motion for summary judgment, Dkt. 95, are **DENIED as moot**.  The November 14, 2016, hearing on defendant's motion for summary judgment  motion is vacated.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

Exhibit 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | January 23, 2017 |
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT S.A.E. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - DEFENDANT'S ATTORNEYS' FEES APPLICATION (Filed December 19, 2016, Dkt. 115)

## I.   INTRODUCTION

On November 14, 2016, the Court granted plaintiff's motion to voluntarily dismiss this action. The background and procedural history are set forth at length in the Court's order granting plaintiff's motion to voluntarily dismiss the complaint. See Dkt. 110. In said order, the Court awarded defendant, Helwan, reasonable attorneys' fees and ordered defendant to submit evidence of its attorneys' fees. Dkt. 110. On December 5, 2016, Lorenzo Gasparetti, counsel for Helwan, filed a declaration setting forth the attorneys' fees incurred by Helwan in this action between the time it was first filed and subsequently dismissed. Dkt. 111. On December 8, 2016, the Court, having examined Gasparetti's declaration, denied defendant's request for attorneys' fees without prejudice. Dkt. 113. The Court ordered Helwan to file records including the number of hours worked, by whom, and a summary of the work performed sufficient to enable the Court to evaluate whether defendant's request is reasonable and calculate an appropriate lodestar. Id.

On December 19, 2016, Gasparetti filed a second declaration regarding Helwan's attorneys' fees. Dkt. 114 ("Gasparetti Decl."). To date plaintiff has not filed any opposition to Helwan's requested attorneys' fees.

Having carefully considered defendant's submission, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | January 23, 2017 |
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT S.A.E. ET AL. | | |

## II.   LEGAL STANDARD

Where fee awards are appropriate and available, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The Ninth Circuit applies the "lodestar" method, designed to determine the basic fee for comparable legal services in the community. See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir.2008). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Id. The Court has an independent duty to determine whether the hours and hourly rates submitted by the fee applicant are "reasonable," and to reach its own "lodestar" value, which is "the number of hours reasonably expended ... multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433. Once the lodestar has been calculated, a court may "adjust [it] upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar." Van Gerwen v. Guar. Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir.2000). The party seeking fees must submit evidence supporting the number of hours worked, and the district court should exclude "hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" Van Gerwen, 214 F.3d at 1045 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). "The trial court may 'reduce the award or deny one altogether' if the fee request 'appears unreasonably inflated.'" Drumm v. Morningstar, Inc., 695 F.Supp.2d 1014, 1023 (N.D.Cal.2010) (quoting Serrano v. Unruh, 652 P.2d 985 (1982)).

## III.   DISCUSSION

Helwan seeks a total of $552,467.79 in attorneys' fees. Helwan has submitted extensive documentation of its attorneys' fees, including its counsel's invoices for legal services rendered by five attorneys and one paralegal who worked as Helwan's defense counsel in this action. See Gasparetti Decl. Ex. 2. The Gasparetti declaration also explains the basis for the hourly rates charged by each member of the defense team, all of which the Court finds to be reasonable in light of their respective levels of experience and the local legal market. In addition to the invoices themselves, Helwan has submitted a summary document associating hours worked with separate stages of the litigation. Gasparetti Decl. Ex. 3. For simplicity, the Court will use the categories identified by Helwan in its summary document.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | January 23, 2017 |
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT S.A.E. ET AL. | | |

### A.    Reasonable Requests

Litigation in this matter was relatively complex because it implicated legal proceedings occurring simultaneously in Egypt, involved numerous substantive motions, and proceeded through partial discovery before the Court granted plaintiff's motion to voluntarily dismiss the complaint. In relation to removal proceedings, defendant's motion to dismiss due to improper service, defendant's answer and cross-claims, scheduling, defendant's motion for an anti-suit injunction, cross-motions to dismiss by both plaintiff and Helwan, preparation of a joint report regarding plaintiff's motion to voluntarily dismiss, and defendant's motion for summary judgment, Helwan presents evidence that its defense counsel expended 507.451 hours of work between five attorneys and a paralegal. The Court concludes that the foregoing hours were reasonably expended and calculates the appropriate, lodestar for the foregoing proceedings as follows:

| | Hourly Rate | Hours Expended | Rate x Hours |
|---|---|---|---|
| Lorenzo Gasparetti | $810 | 149.145 | $120,807.45 |
| Peter Ellis | $730 | 112.136 | $81,859.28 |
| Monica Ortiz | $495 | 188.07 | $93,094.65 |
| Mikiko Thelwell | $330 | 18.3 | $6,039.00 |
| Lizeth Sanchez | $250 | 6.8 | $1,700.00 |
| Alexa Hankard | $235 | 33 | $7,755.00 |
| | TOTALS | 507.451 | **$311,255.38** |

In accordance with the foregoing, Helwan is awarded $311,255.38 in fees incurred as a result of the proceedings listed in the previous paragraph.

### B.    Fact Investigation, Analysis, and File Administration

Helwan also seeks fees incurred as a result of 231.39 hours of work it claims were expended on file administration, fact investigation, and "Case Analysis/Strategy." Gasparetti Decl. Ex. 3. Specifically, Helwan seeks the following additional fees:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT S.A.E. ET AL. | | |

| | Hourly Rate | Hours Expended | Rate x Hours |
|---|---|---|---|
| Lorenzo Gasparetti | $810 | 64.38 | $52,147.80 |
| Peter Ellis | $730 | 115.77 | $84,512.10 |
| Monica Ortiz | $495 | 30.34 | $15,018.30 |
| Mikiko Thelwell | $330 | 14.5 | $4,785.00 |
| Lizeth Sanchez | $250 | 6.4 | $1,600.00 |
| Alexa Hankard | $235 | 0 | - |
| | TOTALS | 231.39 | **$158,063.20** |

The Gasparetti declaration states that the foregoing was reasonable because plaintiff's claims sought more than $3 billion in damages and because the case involved the alleged breach of a contract which required performance in Egypt and elsewhere over a 13-year period. Defendant disputed the authenticity and genuineness of the alleged contract and was not able to obtain the original document prior to plaintiff's voluntary dismissal of the action.

Helwan has not satisfied its burden of demonstrating that the foregoing hours were reasonable. Helwan's counsel reasonably expended many hours of work on the motions practice in this case, which necessarily entailed factual investigation and strategy; however, Helwan has not demonstrated that this case required uniquely complex strategic discussions or factual investigations beyond those required for the motions practice. The invoices offered by Helwan are so substantially redacted that the Court cannot discern why these hours were reasonably necessary to the defense of the case. Accordingly, the Court awards Helwan fifty percent of the billed time for these entries, $79,031.60, for a cumulative amount of $390,286.98 thus far discussed.

**C.    Discovery**

Lastly, Helwan seeks $83,339.81 spent in relation to the contentious, partial discovery in this matter. Specifically, Helwan claims to have expended the following hours on discovery, a motion to compel discovery, and seeking sanctions when plaintiff failed to comply with a production order:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | January 23, 2017 |
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT S.A.E. ET AL. | | |

| | Hourly Rate | Hours Expended | Rate x Hours |
|---|---|---|---|
| Lorenzo Gasparetti | $810 | 59.31 | $48,041.10 |
| Peter Ellis | $730 | 18.532 | $13,528.36 |
| Monica Ortiz | $495 | 41.63 | $20,606.85 |
| Mikiko Thelwell | $330 | 0 | - |
| Lizeth Sanchez | $250 | .8 | $200.00 |
| Alexa Hankard | $235 | 4.1 | $963.50 |
| | TOTALS | 124.372 | **$83,339.81** |

On August 4, 2016, the parties filed a short stipulation to divide discovery proceedings into two phases, the first of which would address the validity and enforceability of the contract on which plaintiff's claims were based. Dkt. 58. On August 29, 2016, the parties submitted a joint stipulation setting forth a dispute regarding plaintiff's discovery compliance. Thereafter, defendant brought a motion to compel production of the original wet-signature agreement and for a deposition of the plaintiff-company's president. Dkt. 76. On September 6, 2016, Helwan submitted a supplemental memorandum regarding the discovery dispute. Dkt. 83.

On September 20, 2016, Magistrate Judge Alexander MacKinnon granted the motion to compel production. Dkt. 91. Judge MacKinnon ordered plaintiff to produce the original wet-signature document and plaintiff's president to appear for deposition on or before September 30, 2016. Id. Plaintiff failed to comply and Helwan filed a motion for sanctions seeking attorneys' fees. Dkt. 98. In its motion, Helwan sought "to be awarded its reasonable attorneys' fees of in [sic] the total amount of $20,250 incurred in connection with these discovery proceedings." Id. at 13. Helwan attached a declaration from Gasparetti, explaining the basis for the fees it incurred. Dkt. 98-3. In said declaration, Gasparetti stated that he had:

> spent no less than 25 hours engaging in good faith efforts to meet and confer with Plaintiff's counsel regarding the discovery at issue, preparing a Joint Stipulation, Motion to Compel and supplemental brief regarding the Motion to Compel, as well as preparing the present Motion. . . . Therefore, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | January 23, 2017 |
|---|---|---|---|
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT S.A.E. ET AL. | | |

estimated total of fees incurred by Helwan from my work in connection with these discovery proceedings is at least $20,250.00.

Id. ¶ 9.

No opposition was ever filed.  Judge MacKinnon granted Helwan's motion for sanctions, but ordered defendant to submit additional information tailored to fees that were "caused by Plaintiff's failure to comply" with the production order rather than all fees associated with the discovery proceedings.  Dkt. 105 at 3.  Thereafter, Gasparetti submitted a declaration explaining that he had expended 7.4 hours preparing Helwan's motion for sanctions and attending the hearing on the motion.  Dkt. 106.  Gasparetti also explained that Alexa Hankard had spent "no less than 4.1 hours" on legal research for the motion for sanctions.  Id.  To date, Judge MacKinnon has not issued an order granting an award of said fees to Helwan.

Defendant has not demonstrated its entitlement to $83,339.81 in attorneys' fees associated with discovery.  There appears to be a discrepancy between Gasparetti's initial claim to have expended 25 hours on discovery proceedings and Gasparetti's present claim to have expended 59.31 hours, himself, on discovery proceedings.  As with the fees already discussed above, the Court cannot discern from the redacted invoice records which hours were expended on discovery matters as opposed to other matters.  Accordingly, the Court awards Helwan fees for 25 hours expended by Gasparetti in addition to the remaining hours requested.  Helwan is hereby awarded $55,548.71 in fees incurred as a result of discovery in this matter.[1]

---

[1] Helwan is granted 14 days in which to seek any modification of this order.  If Helwan so chooses, Helwan shall submit an explanation of the discrepancy in hours apparently worked by Gasparetti and submit appropriate documentation to enable the Court to better evaluate the hours worked on matters relating to discovery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | January 23, 2017 |
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT S.A.E. ET AL. | | |

## IV.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS in part** and **DENIES in part** Helwan's request for reasonable attorneys' fees.  The Court awards Helwan a total of $445,835.69 in attorneys' fees.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | CMJ | |

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  I am employed in the office of a member of the bar of this court at whose direction the service was made.  My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA  90071-1514. On March 10, 2017, I served the following document(s) by the method indicated below:

## [PROPOSED] FINAL JUDGMENT OF DISMISSAL AND AWARD OF ATTORNEYS' FEES

☑     by transmitting via email to the parties at the email addresses listed below:

MOHAMED A M ABOUELSAAD

abouelsaad@theglobecorp.org
and
m_abouelsaad@hotmail.com

I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on March 10, 2017, at Los Angeles, California.

Mary Hong _____

REED SMITH LLP
A limited liability partnership formed in the State of Delaware